Filed 8/7/13  P. v. Minnis CA4/2

## NOT TO BE PUBLISHED IN OFFICIAL REPORTS

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## FOURTH APPELLATE DISTRICT

## DIVISION TWO

| | |
|---|---|
| THE PEOPLE, | |
| Plaintiff and Respondent, | E056377 |
| v. | (Super.Ct.No. FSB1100283) |
| PAUL JAMES MINNIS, | OPINION |
| Defendant and Appellant. | |

APPEAL from the Superior Court of San Bernardino County.  Kenneth R. Barr, Judge.  Affirmed.

Michelle Rogers, under appointment by the Court of Appeal, for Defendant and Appellant.

Kamala D. Harris, Attorney General, Dane R. Gillette, Chief Assistant Attorney General, Julie L. Garland, Assistant Attorney General, Peter Quon, Jr. and Seth M. Friedman, Deputy Attorneys General, for Plaintiff and Respondent.

INTRODUCTION

Arguing that when it imposed restitution and probation restitution fines of $240, the trial court violated the constitutional prohibition against ex post facto increases in criminal penalties, defendant Paul Minnis seeks reduction of each of the fines to $200. The People agree that the fines in question should be reduced. We will affirm the trial court.

### FACTS AND PROCEDURAL HISTORY[1]

In the course of an argument on December 18, 2010, defendant shoved his 85-year-old mother, causing her to fall to the floor. As he was leaving the house, he threatened to beat her up and told her she would "look like she went through a meat grinder" if she called police. Although she later recanted her story, the victim initially told police that defendant frequently cursed and threatened her. The police report showed that defendant has a long history of, among other things: theft and theft-related crimes (Pen. Code §§ 484/488, 487h, 496);[2] drug (marijuana) use and possession for sales (Health & Saf. Code, §§ 11357, 11359, 11360); and various forms of violent behavior, including spousal abuse (§§ 415, 422, 242, 243).

On January 19, 2011, defendant was charged with one count of elder abuse (§ 368, subd. (b)(1), count 1), and one count of dissuading a witness from reporting a crime

---

[1] The facts are taken partly from the police report, which the parties stipulated contains a sufficient basis for the plea.

[2] All further statutory references are to the Penal Code unless otherwise designated.

(§ 136.1, subd. (b)(1), count 2). On February 6, 2012, he pled guilty to count 1 and the court referred the matter to the probation department for a report. The report documented defendant's long record of increasingly serious offenses and lack of remorse, and suggested that, if he violated the terms of probation, he "should not be afforded any leniency." The report also recommended that the total of all of the fines and fees defendant was ordered to pay be set at a monthly rate of $90. On February 6, 2012, defendant pled guilty to count 1.

On April 12, 2012, the court dismissed count 2 and sentenced defendant to five years formal probation with terms and conditions. The terms included a restitution fine of $240 pursuant to section 1202.4, and a probation revocation restitution fine of $240 pursuant to section 1202.44 (stayed pending successful completion of probation). After finding that defendant had the ability to pay a $26-per-month probation supervision fee, but not the cost of the pre-sentence investigation or attorney fees, the court noted: "On your report, the probation officer is recommending $90 a month as a payment plan. Obviously that's high. I can go down to about $35 once you get out within 60 days." Defendant responded, "Can we do 20 at least?" The court set his payment at $20 per month. As to the section 1202.4 restitution fine (term 21) the court stated that it was setting the amount at "the statutory minimum of $240" and added, "The 1202.44 is set at the statutory minimum of $240."

Defense counsel did not object to any of the fines or terms of defendant's probation.

DISCUSSION

The parties agree that the imposition of a $240 restitution fine represented an ex post facto violation.  We do not.

*Ex Post Facto*

As has long been established, a law that retroactively increases the penalty beyond the level prescribed at the time an offender committed his crime violates both federal and state constitutional prohibitions against ex post facto laws.  (*Calder v. Bull* (1798) 3 U.S. 386, 389; *People v. Frazer* (1999) 21 Cal.4th 737, 756 [Overruled on a different point as stated in *Strong v. Superior Court* (2011) 198 Cal.App.4th 1076, 1081].)  "[T]he imposition of restitution fines constitutes punishment, and therefore is subject to the proscriptions of the ex post facto clause and other constitutional provisions."  (*People v. Souza* (2012) 54 Cal.4th 90, 143.)  Restitution fines pursuant to section 1202.4 are to be "set at the discretion of the court and commensurate with the seriousness of the offense."  (§ 1202.4 subd. (b)(1).)

When defendant committed his offense, in December 2010, the minimum restitution fine was $200, and the maximum was $10,000.  (Former § 1202.4, subd. (b)(1).)  Effective January 1, 2012, the minimum was increased to $240.  (§ 1202.4, subd. (b)(1).)[3]  Defendant argues that the imposition of the $240 restitution fine at the time of sentencing, on April 12, 2012, was a violation of the constitutional prohibition against ex post facto penalties.  He contends that we must reduce the amount to $200 to reflect the

---

[3]  Currently the minimum is $280; beginning January 1, 2014, the minimum will rise to $300.  The maximum is, and will remain, $10,000.  (§ 1202.4, subd. (b)(1).)

statutory minimum in effect at the time of his offense. Similarly, because the probation revocation restitution fine must match the restitution fine (§ 1202.44), he asks that this fine also be reduced to $200. Citing *People v. Valenzuela* (2009) 172 Cal.App.4th 1246, 1248 (*Valenzuela*), the People concede that the imposition of $240 for the fines constituted an ex post facto violation and that each must be reduced to $200.

We are not persuaded. Because $240 was well within the range specified in the version of the statute in effect at the time of defendant's offense, and because the fine is set at the trial court's discretion, the imposition of $240 as a restitution fine and $240 as the matching probation revocation restitution fine did not violate the constitutional prohibition against an ex post facto increase in punishment.

Moreover, *Valenzuela* does not support the People's reasoning. In that case, the trial court imposed a fine in an amount not authorized at the time the defendant committed his crime: a first-time failure to register as a sex offender under section 290. Instead, the court imposed the amount authorized for that crime by later legislation. (*Valenzuela, supra*, 172 Cal. App.4th at p. 1248.) Accordingly, the sentence was "unauthorized," i.e., one that could not be lawfully imposed under any circumstance in the case. (*People v. Garcia* (2010) 185 Cal.App.4th 1203, 1218-1219 (*Garcia*).) Such a sentence may be contested for the first time on appeal and can be corrected at the appellate level, even if there was no objection in the trial court. (*Valenzuela* at pp.1248-1249.) That is not the situation here, and *Valenzuela* is thus not relevant.

*The Trial Court's Intention*

The People also assert that "it is clear that—in light of defendant's financial situation—the court meant to impose the minimum." And, "It is equally clear that the trial court erroneously believed that the applicable statutory minimum was $240." These suppositions are not as clear as the parties suggest.

It is true that the court had a conversation with defendant in which, pleading ill health and straightened financial circumstances, defendant was able to negotiate his monthly payments from the $90 recommended in the probation report, and from the $35 the court suggested, to his own preference of $20. However, the negotiation regarding monthly payments is not an indication that the court intended to impose a different total amount for the restitution and probation revocation restitution fines, or that it would have considered a lesser amount more appropriate. It means only that the court was willing to lessen defendant's monthly burden by extending the time for payment. To assume that because it said it was imposing the (then-current) statutory minimum means that it really intended to impose some other amount—particularly in light of the probation report's recommendation that defendant not be "afforded any leniency"— is mere speculation.

In any case, the time for defendant to raise this claim has passed.

*Forfeiture*

Generally, in the interests of fairness and judicial economy, only "claims properly raised and preserved by the parties are reviewable on appeal." (*People v. Scott* (1994) 9 Cal.4th 331, 354 (*Scott*).) In particular, a defendant cannot argue for the first time on appeal that the trial court erred in making or articulating a discretionary sentencing

6

choice.  (*Id.* at pp. 351, 353.)  The purpose of the rule is to encourage parties to bring errors to the attention of the trial court so that they may be corrected at that level and conserve costly appellate resources.  (*People v. Smith* (2001) 24 Cal.4th 849, 852 (*Smith*); accord, *In re Sheena K.* (2007) 40 Cal.4th 875, 880-881 (*Sheena K.*).)  "Although the court is required to impose sentence in a lawful manner, counsel is charged with understanding, advocating, and clarifying permissible sentencing choices at the hearing. Routine defects in the court's statement of reasons are easily prevented and corrected if called to the court's attention."  (*Scott, supra*, 9 Cal.4th at p. 353.)

Here, if defendant believed the court intended to impose a different amount but misspoke, that was exactly the kind of "error" he should have raised at a time when a correction could easily have been made.  (*Scott*, *supra*, 9 Cal.4th at p. 353.)  There are situations in which failure to object is not fatal—as when a sentence is unauthorized—but as we have explained, this is not such a situation.  The fines in question represented a discretionary sentencing choice within the range designated by the statute in effect at the time defendant committed his crime.  It was thus not an unauthorized sentence and he was required to object if he wanted to preserve the issue for appellate review.  (*Garcia*, *supra*, 185 Cal.App.4th at p. 1218; *Sheena K., supra,* 40 Cal.4th at p. 881; see also *People v. McCullough* (2013) 56 Cal.4th 589, 593, 598.)

**DISPOSITION**

The judgment is affirmed.

NOT TO BE PUBLISHED IN OFFICIAL REPORTS

CODRINGTON
J.

We concur:

RAMIREZ
P. J.

KING
J.