[No. B186132. Second Dist., Div. Six. Aug. 21, 2006.]

In re MARTIN ALONZO L., a Person Coming Under the Juvenile Court Law.
THE PEOPLE, Plaintiff and Respondent, v.
MARTIN ALONZO L., Defendant and Appellant.

## COUNSEL

James S. Egar, Public Defender, and Raimundo Montes De Oca, Deputy Public Defender, for Defendant and Appellant.

Bill Lockyer, Attorney General, Robert R. Anderson, Chief Assistant Attorney General, Pamela C. Hamanaka, Assistant Attorney General, Marc E. Turchin and Linda C. Johnson, Deputy Attorneys General, for Plaintiff and Respondent.

## OPINION

**YEGAN, J.**—Martin Alonzo L. appeals from the trial court's order sustaining a Welfare & Institutions Code section 602 petition, which alleged that he possessed metal knuckles in violation of Penal Code section 12020, subdivisions (a)(1) and (c)(7).[1] The trial court declared the matter a misdemeanor, continued appellant on probation and placed him in the custody of his mother. He contends the order is not supported by substantial evidence because the object at issue, which he calls a wallet with "decorative" metal spikes along one edge, does not meet the statutory definition of metal knuckles. We affirm.

### Facts

About 10:00 p.m. on August 7, 2005, someone called the Guadalupe Police Department to complain of being threatened by a group of young men. Officer Davis responded to the call, where he met appellant and other juveniles. While patting down appellant, the officer noted that appellant appeared to have a wallet in his back pocket that was attached to a belt loop by a metal chain. When folded, the "wallet" is about five and one-half inches long. Five one-inch long metal spikes are embedded in the leather along one edge. (See appen.) The middle three spikes are spaced about three-fourths of an inch apart from one another. At the hearing, Officer Davis demonstrated that, if he held the "wallet" in his palm, the metal spikes would fit between his fingers and would protrude if he closed his hand around the "wallet" in a fist.

---

[1] All statutory references are to the Penal Code unless otherwise stated.

*Discussion*

Section 12020, subdivision (a)(1) prohibits the possession of "any metal knuckles," defined in section 12020, subdivision (c)(7), as "any device or instrument made wholly or partially of metal which is worn for purposes of offense or defense in or on the hand and which either protects the wearer's hand while striking a blow or increases the force of impact from the blow or injury to the individual receiving the blow. The metal contained in the device may help support the hand or fist, provide a shield to protect it, or consist of projections or studs which would contact the individual receiving the blow." Appellant contends his "wallet" does not meet the statutory definition of "metal knuckles" because there is no evidence he knew it could be used as a weapon or that he ever had used it as a weapon.

A wallet is "a flat pocket-size folding case, usually made of leather, for holding paper money, cards, or photographs; billfold." (American Heritage Dict. (2d college ed.1982) p. 1361, col. 2.) Needless to say, a true wallet is not designed to aid a person in a fistfight. Appellant's wallet contained no paper money, no cards, and no photographs.

The offense defined by section 12020, subdivision (a)(1) is a general intent crime. (*People v. Rubalcava* (2000) 23 Cal.4th 322, 328 [96 Cal.Rptr.2d 735, 1 P.3d 52].) In *Rubalcava*, our Supreme Court considered the intent required to violate section 12020, subdivision (a)(1) by possessing a concealed dirk or dagger. It held that the statute defined a general intent crime because it "describes a single criminal act—carrying a concealed dirk or dagger on the person—and makes no reference to any other act or consequence." (*Rubalcava*, at p. 328.)    Similarly, the definition of metal knuckles focuses on their physical characteristics without reference to the possessor's "intent to do a further act or achieve a future consequence." (*Ibid.*, quoting *People v. Hood* (1969) 1 Cal.3d 444, 457 [82 Cal.Rptr. 618, 462 P.2d 370].) "Accordingly, defendant's intended use is not an element of the crime, and 'no further mental state beyond willing commission of the act proscribed by law' is necessary. (*People v. Sargent* (1999) 19 Cal.4th 1206, 1215 [81 Cal.Rptr.2d 835, 970 P.2d 409].)" (*People v. Rubalcava, supra*, 23 Cal.4th at p. 328.) Thus, there is no requirement that prosecution show the possessor intended to use the object in a violent manner. (*Id.* at p. 329.)

*People v. Gaitan* (2001) 92 Cal.App.4th 540 [111 Cal.Rptr.2d 885] applied *Rubalcava* to hold that a defendant violated the statute by wearing metal knuckles styled to resemble a piece of jewelry, even in the absence of evidence he intended to use them as a weapon. "[D]efendant's intended use is not an element of the crime . . . ." (*People v. Gaitan, supra*, 92 Cal.App.4th at p. 545.) The statute does, however, contain a knowledge requirement. "[T]o

commit the instant offense, 'a defendant must still have the requisite *guilty mind*: that is, the defendant must knowingly and intentionally' carry upon his or her person an instrument 'which is worn for purposes of offense or defense . . . .' (*Rubalcava, supra*, at p. 332; § 12020, subd. (c)(7).) A defendant who does not know that he is carrying or wearing the weapon or that the instrument may be used for purposes of offense or defense is thus not guilty of violating section 12020. (*Rubalcava, supra*, at p. 332)." (*People v. Gaitan, supra*, 92 Cal.App.4th at p. 547.)

█ Here, substantial evidence supports the trial court's finding that appellant knew he was carrying an object that could be used for purposes of offense or defense. Appellant knew he had the object and knew it was fitted with metal spikes. The spikes are positioned to protrude between the fingers if the "wallet" is held in a closed fist. A reasonable trier of fact could conclude appellant was aware of this fact and thus knew it could be used for purposes of offense or defense.

The order is affirmed.

Gilbert, P. J., and Perren, J., concurred.