Filed 9/19/13  P. v. Naranjo CA4/2

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

# IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## FOURTH APPELLATE DISTRICT

## DIVISION TWO

| | |
|---|---|
| THE PEOPLE, | |
| Plaintiff and Respondent, | E056725 |
| v. | (Super.Ct.Nos. SWF10002347 & SWF1101798) |
| ROBERT PATRICK NARANJO, | |
| Defendant and Appellant. | OPINION |

APPEAL from the Superior Court of Riverside County.  Michael B. Donner and Michele D. Levine, Judges.[1]  Affirmed.

Nancy S. Brandt, under appointment by the Court of Appeal, for Defendant and Appellant.

Kamala D. Harris, Attorney General, Dane R. Gillette, Chief Assistant Attorney General, Julie L. Garland, Assistant Attorney General, and A. Natasha Cortina and Christine Levingston Bergman, Deputy Attorneys General, for Plaintiff and Respondent.

---

[1] Judge Donner presided over sentencing in case No. SWF10002347; Judge Levine presided over the plea agreement in case No. SWF1101798.

Following a jury trial, defendant Robert Patrick Naranjo was convicted of unlawful possession of metal knuckles. (Pen. Code,[2] former § 12020, subd. (a)(1).[3]) In a bifurcated trial, the court found true a prior strike conviction. Defendant was sentenced to four years in state prison. In a separate proceeding, defendant pled guilty to cultivating marijuana (Health & Saf. Code, § 11358) for which the trial court sentenced him to two years in state prison, to be served concurrently with the weapons possession case.

## I. FACTS

On June 30, 2010, defendant willfully and unlawfully planted, cultivated, harvested, dried, and processed marijuana.

On November 18, 2010, Riverside County Sheriff's Deputy Thomas Davis searched defendant's home in Lake Elsinore and found a black mechanic's-type tool bag on the top of the bed. The bag contained metal knuckles, along with some knives, including two "throwing knives" and Swiss Army knives. The deputy testified that the metal knuckles were "kind of . . . decorative" because there were wings on them. They also had a small, concealable two-inch blade on the side. Defendant told the deputy they were a gift and he thought it was legal to possess them.

---

[2] All further statutory references are to the Penal Code unless otherwise indicated.

[3] Former section 12020, subdivision (a)(1) was renumbered as section 21810 operative January 1, 2012. (Stats. 2010, ch. 711, § 6.)

## II.  PHOTOGRAPHS DEPICTING KNIVES FOUND TOGETHER

## WITH THE METAL KNUCKLES

Defendant contends the trial court erred by allowing photographic evidence of two large knives that were found with the metal knuckles.

### A.  Further Background Information

The prosecution offered four photographs as exhibits.  Two of the photographs showed the metal knuckles pertinent to this case lying on top of two throwing knives inside a small bag.  A third photograph showed the knuckles were fashioned in the shape of an eagle and ornately inscribed.  A further photograph depicted the knuckles lying next to the two knives and a ruler.

Prior to trial, defense counsel moved to exclude, on the grounds of relevance, all evidence concerning the knives that were discovered with the metal knuckles.  The prosecutor opposed the motion, arguing the photographs were relevant and necessary to rebut the anticipated defense that the metal knuckles were merely decorative and not a weapon.  The trial court agreed with the prosecution and found that the knife evidence was "relevant and more probative than prejudicial if that decorative nature of the knuckles is alleged" by the defense because the metal knuckles were found in the same case as the knives.

During trial, defense counsel again objected to the photographs of the knives; however, the objection was overruled.  Thus, the four photographs were admitted into evidence via Deputy Davis's testimony.  On cross-examination, Deputy Davis

acknowledged that he also found Swiss Army knives in the bag but he did not take any photographs of them.

### B. Standard of Review

We review the trial court's admission of evidence over relevance and undue prejudice objections under the deferential abuse of discretion standard. (*People v. Carrington* (2009) 47 Cal.4th 145, 195.)

### C. Analysis

Evidence may be unduly prejudicial if it "'"uniquely tends to evoke an emotional bias against a party as an individual,"'" or if it may cause the jury to "'"'prejudg[e]' a person or cause on the basis of extraneous factors."'" (*People v. Cowan* (2010) 50 Cal.4th 401, 475.)

"[Former] [s]ection 12020, subdivision (a)(1) prohibits the possession of 'any metal knuckles,' defined in [former] section 12020, subdivision (c)(7), as 'any device or instrument made wholly or partially of metal which is worn for purposes of offense or defense in or on the hand and which either protects the wearer's hand while striking a blow or increases the force of impact from the blow or injury to the individual receiving the blow. The metal contained in the device may help support the hand or fist, provide a shield to protect it, or consist of projections or studs which would contact the individual receiving the blow.'" (*In re Martin Alonzo L.* (2006) 142 Cal.App.4th 93, 96.) Former section 12020, subdivision (a)(1), was a general intent crime. (*People v. Rubalcava* (2000) 23 Cal.4th 322, 326-330.) Thus, the People are not required to show the possessor intended to use the object in a violent manner. (*Id.* at p. 329.) However, the statute does

4

contain a knowledge requirement. (*Id.* at pp. 331-332.) "A defendant who does not know that he is carrying or wearing the weapon or that the instrument may be used for purposes of offense or defense is thus not guilty of violating [former] section 12020. [Citation.]" (*People v. Gaitan* (2001) 92 Cal.App.4th 540, 547.)

Here, defendant challenges the relevance of the photographs depicting the metal knuckles in the same case as the knives on the grounds that such evidence was irrelevant and prejudicial. However, the defense theory was that the prosecution was unable to prove the defendant "was solely in possession of those metal knuckles as a weapon." Given the defense's theory, the fact that the knuckles were found in a bag with knives was highly relevant. If the knuckles were merely for decorative purposes, they would have been treated like a piece of art and displayed in a case or on the wall. The fact that they were not was highly relevant.

While the photographs of the knives were prejudicial, we cannot conclude that the prejudice outweighed the probative value. There were no charges against defendant involving the knives. There was no testimony suggesting defendant had used the knives as weapons, or that it was illegal to possess them. The prosecutor argued, "There were knives there, fine. I'm not asking you to convict the defendant of being in possession of those stainless steel knives. He's charged with one count of possessing the metal knuckles, that's it." Given defendant's possession of the metal knuckles, it is unlikely that the evidence regarding his possession of the knives would be unduly prejudicial. In short, we cannot say it was "'palpably arbitrary, capricious, or patently absurd'" to have

5

permitted the admission of the photographs which defendant objects.  (*People v. Lamb* (2006) 136 Cal.App.4th 575, 582.)

III.  IMPOSITION OF RESTITUTION AND PAROLE REVOCATION

RESTITUTION FINES

Defendant claims that when the court imposed restitution and parole revocation restitution fines totaling $480 ($240 per fine in the individual cases), it applied the version of sections 1202.4 and 1202.45 that became effective on January 1, 2012.  However, since defendant committed his offenses in 2010 before the amended law took effect, the fines are an ex post facto violation and should be reduced to $200 each.  He further claims his failure to object to the fines did not forfeit the issue on appeal because the fines were unauthorized.  We disagree.

When defendant committed his offenses in 2010, the minimum restitution fine under former section 1202.4, subdivision (b), was $200, respectively.  Section 1202.4 was amended effective January 1, 2012, and the minimum fine under each statute was increased to $240.  Defendant argues that the $240 restitution and parole revocation restitution fines were not authorized by the version of sections 1202.4 and 1202.45 that were in effect at the time of his crime.  However, the trial court had the discretion to impose a restitution fine and a parole revocation restitution fine ranging from $200 to $10,000 in 2010, and the $240 fine was well within that range.  (Former § 1202.4, subd. (b)(1).)  Thus, while the prohibition against ex post facto laws applies to restitution fines (*People v. Valenzuela* (2009) 172 Cal.App.4th 1246, 1248), the trial court could have imposed a $240 restitution fine in 2010.  Thus, it was not an unauthorized sentence.

6

Furthermore, defendant raised no objection in the trial court to the amount of the fines. Defendant claims that even though his trial counsel did not object, the error is cognizable on appeal because the imposition of the fines was unauthorized. However, as discussed, the $240 amount was authorized; thus, defendant forfeited his right to challenge the $240 restitution amount by failing to object below. (*People v. Garcia* (2010) 185 Cal.App.4th 1203, 1218 [Fourth Dist., Div. Two].)

## IV.  DISPOSITION

The judgment is affirmed.

NOT TO BE PUBLISHED IN OFFICIAL REPORTS

HOLLENHORST
Acting P. J.

We concur:

MCKINSTER
J.

MILLER
J.