Filed 1/30/14  P. v. Galan CA6

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SIXTH APPELLATE DISTRICT

| | |
|---|---|
| THE PEOPLE, | H039526 |
| Plaintiff and Respondent, | (Monterey County Super. Ct. Nos. SS130110, SS121656) |
| v. | |
| EMMANUEL BARRERA GALAN, | |
| Defendant and Appellant. | |

Defendant Emmanuel Barrera Galan appeals from a judgment entered after he pleaded no contest to a count of possession of methamphetamine (Health & Saf. Code, § 11377, subd. (a)) and a count of residential burglary (Pen. Code, § 459).[1]  His sole contention on appeal is that the restitution fund fine imposed under section 1202.4, subdivision (b) should be reduced from $280 to $240.  For the reasons set forth below, we reject defendant's arguments and affirm the judgment.

## FACTUAL AND PROCEDURAL BACKGROUND

The underlying facts of defendant's offenses are not relevant to his arguments on appeal.  We therefore only provide a summary of the relevant procedural background pertaining to defendant's case.

On August 29, 2012, the district attorney filed a complaint (No. SS121656A) charging defendant with a count of possession of methamphetamine (Health & Saf. Code,

---

[1] Further unspecified statutory references are to the Penal Code.

§ 11377, subd. (a), count 1), a count of possession of controlled substance paraphernalia (*id.* § 11364.1, subd. (a), count 2), and a count of using or being under the influence of a narcotic (*id.* § 11550, subd. (a), count 3).

On January 15, 2013, the district attorney filed a complaint (No. SS130110A) charging defendant with a count of residential burglary (§ 459, count 1).

Defendant signed and initialed a waiver of rights and plea form in case Nos. SS121656A and SS130110A on February 6, 2013. For both cases, defendant placed his initials next to the statement reading, "I understand that I will be ordered to pay a state restitution fine of not less than $200 nor more than $10,000 and may have a like amount suspended." Defendant also placed his initials next to the statement reading, "I hereby waive and give up all rights regarding state and federal writs and appeals. This includes, but is not limited to, the right to appeal my conviction, the judgment, and any other orders previously issued by this court. I agree not to file any collateral attacks on my conviction or sentence at any time in the future. I further agree not to ask the Court to withdraw my plea for any reason after it is entered." During the change of plea hearing on February 6, 2013, the trial court informed defendant that there was a "minimum restitution fine as to each of the felonies of $280 and a maximum fine of $10,000."

The trial court suspended imposition of sentence on March 15, 2013, and placed defendant on three years probation for both cases, subject to various terms and conditions. The court further ordered defendant pay a $280 restitution fund fine pursuant to section 1202.4, subdivision (b) in both cases. Defendant accepted the terms of probation and did not object to the imposition of the restitution fund fine.

Defendant did not seek a certificate of probable cause and filed a timely notice of appeal.

## DISCUSSION

On appeal, defendant argues that the trial court specifically intended to impose the minimum restitution fund fine under section 1202.4, subdivision (b); therefore, the

imposition of the $280 restitution fund fine violates the prohibition against ex post facto laws. In the alternative, defendant contends that his trial counsel rendered ineffective assistance for his failure to object to the $280 restitution fund fine. The People counter that defendant's failure to obtain a certificate of probable cause and his waiver of his right to appeal pursuant to his plea bargain bars this appeal. The People also assert that defendant's claims are meritless as the imposition of the $280 restitution fund fine was authorized under the applicable law and that there is no evidence the trial court intended to impose the minimum fine.

Defendant's failure to obtain a certificate of probable cause does not bar his claim on appeal. A defendant must obtain a certificate of probable cause to challenge the validity of a guilty plea. (§ 1237.5; *People v. Panizzon* (1996) 13 Cal.4th 68, 74.) However, a defendant need not obtain a certificate if the appeal does not challenge the validity of the plea, but instead relates to discretionary sentencing matters that occurred after entry of the plea. (*People v. Mendez* (1999) 19 Cal.4th 1084, 1096; *People v. Villalobos* (2012) 54 Cal.4th 177, 183.) Here defendant challenges the imposition of the $280 restitution fund fine, which was a discretionary sentencing choice made by the trial court after defendant entered his plea.

Next, we address the issue of waiver. Defendant and the People agree that a defendant may waive the right to appeal as part of a plea bargain. (*People v. Panizzon*, *supra*, 13 Cal.4th at p. 80.) However, such waivers typically do not apply to future errors that the defendant may not have contemplated at the time the waiver was executed. (*Id.* at pp. 84-86.) At the time defendant executed the waiver of his right to appeal, he had agreed to pay a restitution fund fine in an amount to be determined by the trial court. However, the error alleged by defendant (that the restitution fine violated the prohibition against ex post facto laws) occurred after defendant executed the waiver. Given the ambiguity of the scope of defendant's waiver, we address defendant's claims on the merits and explain why we reject them.

3

At the time defendant committed his offenses in 2012, section 1202.4, subdivision (b)(1) provided that starting on January 1, 2012, in every case where a person is convicted of a crime, the trial court shall impose a restitution fine of not less than $240 and not more than $10,000. (§ 1202.4, subd. (b); Stats. 2011, ch. 358, § 1.) Section 1202.4, subdivision (b)(1) also specified that starting on January 1, 2013, the minimum restitution fine would be $280. Since defendant committed his offenses in 2012, the trial court could have imposed a minimum restitution fund fine of $240. However, the *maximum* restitution fund fine the trial court could have imposed was $10,000. (§ 1202.4, subd. (b)(1).)

The trial court stated during the change of plea hearing on February 6, 2013, that each of defendant's offenses carried a "minimum" restitution fine of $280 and a maximum restitution fine of $10,000. Contrary to defendant's claims, during the sentencing hearing on March 15, 2013, which occurred weeks after the change of plea hearing, the trial court did not state that it intended to impose the minimum restitution fine. The trial court simply ordered defendant to "[p]ay a $280 restitution fine," and made no mention of a minimum fine. The prohibition against ex post facto laws applies to restitution fines (*People v. Valenzuela* (2009) 172 Cal.App.4th 1246, 1248), but the $280 restitution fund fine was well-within the statutory range. Therefore, the fine was not an unauthorized sentence or an ex post facto violation.

Furthermore, defendant's failure to object to the $280 fine during the sentencing hearing forfeited this issue on appeal. (*People v. Turrin* (2009) 176 Cal.App.4th 1200, 1207.) Defendant therefore insists that his trial counsel's failure to object to the $280 fine rendered his assistance ineffective. However, in order to succeed on a claim of ineffective assistance of counsel, defendant must show that his counsel failed to act in a manner to be expected of a reasonably competent attorney acting as a diligent advocate and that he was prejudiced thereby. (*People v. Ledesma* (1987) 43 Cal.3d 171, 216-217; *Strickland v. Washington* (1984) 466 U.S. 668, 684 [discussing federal constitutional

4

rights]; *People v. Pope* (1979) 23 Cal.3d 412, 422 [discussing both state and federal constitutional rights].)

We " 'need not determine whether counsel's performance was deficient before examining the prejudice suffered by the defendant as a result of the alleged deficiencies . . . . If it is easier to dispose of an ineffectiveness claim on the ground of lack of sufficient prejudice, . . . that course should be followed.' " (*In re Jackson* (1992) 3 Cal.4th 578, 604, quoting *Strickland v. Washington*, *supra*, 466 U.S. at p. 697.)

A defendant establishes prejudice by demonstrating that without the deficient performance there is a reasonable probability the result would have been more favorable. In other words, even if a defendant's counsel's actions fall below the threshold of reasonableness, he must still show that his counsel's actions were prejudicial. (*People v. Ledesma*, *supra*, 43 Cal.3d at p. 218.) Prejudice must be a " 'demonstrable reality,' not simply speculation." (*People v. Williams* (1988) 44 Cal.3d 883, 937; *People v. Fairbank* (1997) 16 Cal.4th 1223, 1241.)

Defendant fails to carry his burden to establish prejudice, as his contention that the trial court intended to impose the minimum fine under section 1202.4, subdivision (b) is speculative. As previously discussed, during the sentencing hearing the trial court did not state that it intended to impose the minimum fine. " 'A judgment or order of the lower court is *presumed correct*. All intendments and presumptions are indulged to support it on matters as to which the record is silent, and error must be affirmatively shown.' " (*Denham v. Superior Court* (1970) 2 Cal.3d 557, 564.) Given that the record does not unequivocally indicate that the trial court intended to order the minimum restitution fine under section 1202.4, subdivision (b), defendant has not met his burden to show that if his trial counsel had objected, it was reasonably probable that the trial court would have imposed a lower restitution fine. He therefore fails to demonstrate prejudice, and his claim of ineffective assistance of counsel fails.

## DISPOSITION

The judgment is affirmed.

_____
                        Premo, J.

WE CONCUR:

_____
        Rushing, P.J.

_____
        Márquez, J.