[No. B209837. Second Dist., Div. Five. Apr. 7, 2009.]

THE PEOPLE, Plaintiff and Respondent, v.
ALBERT JOE VALENZUELA, Defendant and Appellant.

## COUNSEL

Catherine Campbell, under appointment by the Court of Appeal, for Defendant and Appellant.

Edmund G. Brown, Jr., Attorney General, Dane R. Gillette, Chief Assistant Attorney General, Pamela C. Hamanaka, Assistant Attorney General, Paul M. Roadarmel, Jr., and Eric J. Kohm, Deputy Attorneys General, for Plaintiff and Respondent.

## OPINION

TURNER, P. J.—Defendant, Albert Joe Valenzuela, appeals from his no contest plea to the crimes of a lewd act upon a child (Pen. Code,[1] § 288,

---

[1] All further statutory references are to the Penal Code unless otherwise indicated.

subd. (a)), and failing to register as a sex offender (§ 290, subd. (b)). Defendant's sole argument on appeal is that the trial court improperly imposed a $300 section 290.3, subdivision (a) fine. The Attorney General argues additional penalty assessments, a state surcharge, and a state court construction penalty should have been imposed. We affirm with modifications.

Defendant's no contest plea was entered prior to the preliminary hearing and encompassed two counts in the felony complaint. Defendant pled no contest to the section 288, subdivision (a) lewd conduct charge in count 1. Further, defendant pled no contest to the charge in count 2 of failing to properly register as a sex offender in violation of section 290, subdivision (b).

We view the evidence in a light most favorable to the judgment. (*Jackson v. Virginia* (1979) 443 U.S. 307, 319 [61 L.Ed.2d 560, 99 S.Ct. 2781]; *People v. Elliot* (2005) 37 Cal.4th 453, 466 [35 Cal.Rptr.3d 759, 122 P.3d 968]; *Taylor v. Stainer* (9th Cir. 1994) 31 F.3d 907, 908–909.) According to the probation report, in 2003, defendant, a registered sex offender, lived and worked at his sister's in-home daycare and foster home in Azusa. The victim reported that defendant molested her nearly every day between May 30 and October 10, 2003, when she attended the daycare. During that time, the sex offender registration documents defendant provided to the Los Angeles Police Department falsely stated his residence address was in Canoga Park.

■ Defendant argues that the trial court improperly imposed a section 290.3, subdivision (a) fine in the amount of $300. At the time defendant's sex offense occurred in 2003 and 2004, section 290.3, subdivision (a) stated, "Every person who is convicted of any offense specified in subdivision (a) of Section 290 shall, in addition to any imprisonment or fine, or both, imposed for violation of the underlying offense, be punished by a fine of two hundred dollars ($200) upon the first conviction or a fine of three hundred dollars ($300) upon the second and each subsequent conviction, unless the court determines that the defendant does not have the ability to pay the fine." (Stats. 1995, ch. 91, § 121, p. 346.) In 2006, the Legislature amended section 290.3, subdivision (a) to require the imposition of a $300 fine following the first conviction. (Stats. 2006, ch. 337, § 18, eff. Sept. 20, 2006; see *People v. Walz* (2008) 160 Cal.App.4th 1364, 1368, fn. 6 [73 Cal.Rptr.3d 494].) The prohibition against ex post facto laws applies to restitution fines. (Cf. *People v. Walker* (1991) 54 Cal.3d 1013, 1024 [1 Cal.Rptr.2d 902, 819 P.2d 861]; *People v. Saelee* (1995) 35 Cal.App.4th 27, 30 [40 Cal.Rptr.2d 790] [under ex post facto principles, the assessable amount of a fine is calculated as of the date of the offense].) The fine imposed in this case constituted an unauthorized sentence.

■ The California Supreme Court has held that an unauthorized sentence may be corrected at any time even if there was no objection in the trial court. (*In re Sheena K.* (2007) 40 Cal.4th 875, 886 [55 Cal.Rptr.3d 716, 153 P.3d 282]; *People v. Smith* (2001) 24 Cal.4th 849, 854 [102 Cal.Rptr.2d 731, 14 P.3d 942]; see also *People v. Burnett* (2004) 116 Cal.App.4th 257, 260 [9 Cal.Rptr.3d 885].) Such an unauthorized sentence may be corrected even when raised for the first time on appeal. (*People v. Smith, supra,* 24 Cal.4th at p. 854; *People v. Scott* (1994) 9 Cal.4th 331, 354 [36 Cal.Rptr.2d 627, 885 P.2d 1040].) We therefore modify the $300 section 290.3, subdivision (a) fine to $200, the amount statutorily authorized when defendant violated section 288, subdivision (a), subject to the following.

■ Following our request for further briefing, the Attorney General argues that the trial court should have also imposed on the $200 fine the appropriate penalty assessments; the state surcharge; and the state court construction penalty. The $200 former section 290.3, subdivision (a) fine was subject to the following: a section 1464, subdivision (a)(2) $200 penalty assessment; a Government Code section 76000, subdivision (a)(1) $140 penalty assessment; a $40 Penal Code section 1465.7, subdivision (a) state surcharge; and a $60 Government Code section 70372, subdivision (a)(1) state court construction penalty. Thus, the total amount owed including the $200 former section 290.3, subdivision (a) fine and the applicable penalty assessments, surcharge, and construction penalty fine is $640. (See *People v. Walz, supra,* 160 Cal.App.4th at p. 1372; *People v. McCoy* (2007) 156 Cal.App.4th 1246, 1254–1257 [68 Cal.Rptr.3d 134]; *People v. Taylor* (2004) 118 Cal.App.4th 454, 456–457 [12 Cal.Rptr.3d 923].) In *People v. Walz, supra,* 160 Cal.App.4th at pages 1369–1370, the trial court imposed a $200 section 290.3, subdivision (a) fine on an offense committed after the 2006 amendment which increased the sex offender fine to $300. We concluded that the trial court had committed a jurisdictional error because section 290.3, subdivision (a) did not permit the imposition of a sex offender fine of only $200 when the crime was committed on or after the effective date of the 2006 amendment, September 20, 2006. (*Walz,* at p. 1369.) Therefore, we held the trial court was jurisdictionally obligated to impose the $300 fine. But we also noted that section 290.3, subdivision (a) had an ability to pay provision. We thus remanded to allow the trial court to make an ability to pay determination as to the $300 section 290.3, subdivision (a) sex offender fine. (*Walz,* at p. 1371.)

Here, we have reduced the fine and it is presumed the trial court made an ability to pay determination at the $300 level. (See *People v. Tillman* (2000) 22 Cal.4th 300, 303 [92 Cal.Rptr.2d 741, 992 P.2d 1109]; *People v. Walz, supra,* 160 Cal.App.4th at p. 1371.) If defendant had the ability to pay $300, he had the financial wherewithal to tender only $200 to the authorities. But, as a result of the trial court's failure to impose the mandatory assessments we

have discussed, the actual amount payable is not $300 but $640. The trial court never made an ability to pay determination on the $200 sum given defendant's new total $640 obligation. Thus, upon remittitur issuance, the trial court is to conduct a hearing concerning defendant's ability to pay the $200 former section 290.3, subdivision (a) sex offender fine in light of his total financial obligations. Defendant shall have the burden of proving his inability to pay the $200 fine. (*People v. Walz, supra*, 160 Cal.App.4th at p. 1372 [ability to pay § 290.3, subd. (a) fine]; *People v. McMahan* (1992) 3 Cal.App.4th 740, 749–750 [4 Cal.Rptr.2d 708] [same].) As to whatever ultimate determination is made concerning the sex offender fine and the penalty assessments, surcharge, and construction penalty, the trial court is to actively and personally insure the clerk accurately prepares a correct amended abstract of judgment. (*People v. Acosta* (2002) 29 Cal.4th 105, 109, fn. 2 [124 Cal.Rptr.2d 435, 52 P.3d 624]; *People v. Chan* (2005) 128 Cal.App.4th 408, 425–426 [26 Cal.Rptr.3d 878].)

The imposition of a $300 section 290.3, subdivision (a) fine is reversed. The judgment is modified to include a $200 former section 290.3, subdivision (a) fine, state surcharge, and state court construction fee and the penalty assessments listed in the body of this opinion. Upon remittitur issuance, the clerk of the superior court is directed to prepare an amended abstract of judgment reflecting these modifications and forward a copy to California's Department of Corrections and Rehabilitation. The judgment is affirmed in all other respects.

Armstrong, J., and Mosk, J., concurred.