Filed 4/9/13  P. v. Pahulu CA4/2

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

# IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## FOURTH APPELLATE DISTRICT

## DIVISION TWO

| | |
|---|---|
| THE PEOPLE, | |
| Plaintiff and Respondent, | E055471 |
| v. | (Super.Ct.No. RIF1100419) |
| WARREN PEPE PAHULU, | OPINION |
| Defendant and Appellant. | |

APPEAL from the Superior Court of Riverside County.  Becky Dugan, Judge.  Affirmed.

Cynthia M. Jones, under appointment by the Court of Appeal, for Defendant and Appellant.

Kamala D. Harris, Attorney General, Dane R. Gillette, Chief Assistant Attorney General, Julie L. Garland, Assistant Attorney General, Melissa Mandel and Eric A. Swenson, Deputy Attorneys General, for Plaintiff and Respondent.

1

BACKGROUND[1]

Defendant and appellant Warren Pepe Pahulu pleaded guilty to five counts of forcible lewd and lascivious acts with two children under the age of 14 years. (Pen. Code, § 288, subd. (b)(1).)[2] These acts occurred between October 2007 and October 2010. In return, he received a stipulated sentence of 28 years to life. In addition, the court imposed a $240 restitution fine, as well as a $240 parole revocation fine.

DISCUSSION

When defendant committed the offenses, the minimum restitution fine under section 1202.4, subdivision (b), was $200. This statute was amended effective January 1, 2012, and the minimum fine was increased to $240. Defendant asserts that the imposition of the increased minimum fine of $240 violates the ex post facto clause of both the state and federal Constitutions, and that the fine must be reduced to $200 to reflect the statutory minimum in effect at the time the offenses were committed.

The People disagree that the imposition of a $240 fine is an ex post facto violation because a sentencing court had the discretion to impose a restitution fine ranging from $200 to $10,000 during the period when the offenses were committed, and the $240 fine is well within that range. We agree. While the

---

[1] In light of defendant's plea and the issue he now raises, neither the circumstances of the offense nor a complete procedural history need be set out.

[2] Statutory references are to the Penal Code unless otherwise stated.

2

prohibition against ex post facto laws applies to restitution fines (*People v. Valenzuela* (2009) 172 Cal.App.4th 1246, 1248), defendant's punishment was not increased beyond what was prescribed when the crimes were committed. The sentencing court could have imposed a $240 restitution fine in 2010. Thus, it was not an unauthorized sentence, i.e., a sentence that could not lawfully be imposed under any circumstances in the particular case. (*People v. Garcia* (2010) 185 Cal.App.4th 1203, 1218.)

Defendant asserts that we must infer that the sentencing court actually intended to impose the minimum fine, there being no other rational explanation for its action. The People counter that this is mere speculation. We agree. The sentencing court might not have realized that it could have imposed the lesser fine, but, on the other hand, it might also have decided that it was more appropriate to impose the fine that was the currently prevailing standard.

More importantly, defendant raised no objection in the trial court to the amount of the fine. As we have indicated, the $240 fine was not an unauthorized sentence so defendant forfeited his objection to the amount by failing to raise the issue in the trial court. (*People v. Garcia*, *supra*, 185 Cal.App.4th 1203, 1218.)

## DISPOSITION

The judgment is affirmed.

NOT TO BE PUBLISHED IN OFFICIAL REPORTS


KING
                                                                    J.


We concur:


RICHLI
          Acting P. J.


MILLER
          J.


4