Filed 6/21/13  P. v. Mills CA3

<u>NOT</u> <u>TO</u> <u>BE</u> <u>PUBLISHED</u>

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

THIRD APPELLATE DISTRICT

(Sacramento)

----

| | |
|---|---|
| THE PEOPLE, | C071497 |
| Plaintiff and Respondent, | (Super. Ct. No. 11F08256) |
| v. | |
| LAMAR DUVALL MILLS, | |
| Defendant and Appellant. | |

Defendant Lamar Duvall Mills pled guilty to infliction of corporal injury resulting in a traumatic condition on or about November 29, 2011, and admitted a strike prior in exchange for a stipulated state prison sentence of six years and dismissal of another count as well as a petition for probation revocation in another case.  In taking defendant's plea, the trial court advised him that he would "receive a fine of between $200 and $10,000," and defendant said he understood.

The probation report recommended a restitution fine of $1,200 and a parole revocation restitution fine in the same amount.  At the sentencing hearing, defense counsel asked the court to lower the amount of the restitution fine "to $240.  That is the minimum amount to be paid in restitution."  The court responded, "All right.  I will do

1

that. It is 240 now?" Defense counsel said, "Yes," and the court said, "I know we changed that." Thereafter, the court ordered defendant to pay a restitution fine of $240 and a parole revocation restitution fine in the same amount (stayed).

On appeal, defendant contends the $240 fines should both be reduced to $200 because the minimum was $200 when he committed his offense.[1] Defendant essentially contends that using the minimum at the time of the sentencing hearing amounted to an ex post facto violation and "constituted an unauthorized sentence" that "may be corrected even though there was no objection in the trial court." The People, on the other hand, contend a $240 restitution fine was "not unauthorized but was obviously well within statutory limits," given that the operative Penal Code provisions permitted a fine anywhere between $200 and $10,000.

The People are correct. It is true, as defendant argues, that an excessive fine may constitute an ex post facto violation and an unauthorized sentence that can be challenged for the first time on appeal when the fine imposed exceeds the maximum amount allowed at the time the defendant committed his offense. (See *People v. Valenzuela* (2009) 172 Cal.App.4th 1246, 1249 [appellate court reduced $300 fine to statutory maximum of $200].) That is not what happened here, however.

Here, defense counsel asked the trial court to impose the minimum fine of $240. The court did so. The only problem was that while that amount *was* the minimum fine at the time of the sentencing hearing, the minimum that was applicable to defendant was $40 less. Still, the amount the court imposed was *within* the statutory range of $200 to $10,000 that applied to defendant. Even if we assume, as defendant argues, that the trial court intended to impose the applicable statutory minimum, which was actually $200

---

[1]  In November 2011, when defendant committed his crime, the minimum restitution fine was $200. The minimum increased to $240 on January 1, 2012. (See *People v. Holman* (2013) 214 Cal.App.4th 1438, 1452, fn. 3.)

rather than $240, defendant is wrong in his argument that "the difference between the court's stated exercise of discretion and the fine actually imposed . . . makes [the fine imposed] an unauthorized sentence" that can be challenged for the first time on appeal. The $240 fine was an *authorized* sentence because it fell within the range allowed by the statute at the time defendant committed his crime. The fact that the court could have imposed a fine as small as $200 does not make the $240 fine the court did impose unauthorized. Because the amount of the fine the court imposed was within its power, defendant's failure to challenge the $240 fine in the trial court precludes him from challenging it for the first time on appeal.

DISPOSITION

The judgment is affirmed.


                                    ROBIE      , Acting P. J.



We concur:



     MURRAY     , J.



     DUARTE     , J.

3