Filed 8/2/13  P. v. Ferris CA4/2

## NOT TO BE PUBLISHED IN OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## FOURTH APPELLATE DISTRICT

## DIVISION TWO

| | |
|---|---|
| THE PEOPLE, | |
| Plaintiff and Respondent, | E056284 |
| v. | (Super.Ct.No. FCH1100605) |
| JEFFREY WADE FERRIS, | OPINION |
| Defendant and Appellant. | |

APPEAL from the Superior Court of San Bernardino County.  Stanford E. Reichert, Judge.  Affirmed in part; reversed in part.

Susan S. Bauguess, under appointment by the Court of Appeal, for Defendant and Appellant.

Kamala D. Harris, Attorney General, Dane R. Gillette, Chief Assistant Attorney General, Julie L. Garland, Assistant Attorney General, James D. Dutton and Sabrina Y. Lane-Erwin, Deputy Attorneys General, for Plaintiff and Respondent.

A jury found defendant and appellant Jeffrey Wade Ferris guilty of battery on a nonconfined person by a prisoner. (Pen. Code, § 4501.5.)[1] A trial court found that defendant had served a prior prison term. (§ 667.5, subd. (b).) The court sentenced him to a total of four years in state prison and granted him 54 days of presentence custody credit. It also found that he had the ability to pay appointed counsel fees in the amount of $500, ordered him to pay such fees, and imposed a $240 victim restitution fine and a $240 parole revocation restitution fine (stayed pending successful completion of parole).

On appeal, defendant contends: (1) there was insufficient evidence to support his conviction; (2) the trial court erred when imposing the order for payment of appointed counsel fees; and (3) the court's imposition of $240 for a restitution fine and a parole revocation restitution fine under sections 1202.4 and 1202.45 violated the ex post facto clause. The People concede and, we agree, that the court erred in imposing the order to pay appointed counsel fees. In all other respects, we affirm the judgment.

FACTUAL BACKGROUND

*Prosecution Evidence*

On July 15, 2011, defendant was an inmate at the Chino Institute for Men. Officer Jada Crockett was on duty that morning, supervising the inmates at breakfast. After breakfast, the inmates received sack lunches on their way out of the building. As defendant passed Officer Crockett, he mumbled something to her. Sergeant Tommy Ramos observed defendant grab his sack lunch, and state to Officer Crockett, in a loud

---

[1] All further statutory references will be to the Penal Code, unless otherwise noted.

manner, "What? You're not . . . talking to me today?" Sergeant Ramos called defendant to the side to ask why he yelled out for no apparent reason. Defendant turned toward Sergeant Ramos, cursed at him, and threw his sack lunch overhand at him. Sergeant Ramos was standing about seven feet away, and the sack lunch struck him in the face. Officer Crockett drew her baton, and Sergeant Ramos ordered defendant to "get down." When defendant would not comply, Sergeant Ramos sprayed him with pepper spray. Sergeant Ramos suffered swelling and a scratch under his left eye from the sack lunch.

*Defense Evidence*

Defendant testified on his own behalf. He said that someone criticized his appearance, so he said, "F--- you." Sergeant Ramos called defendant, but defendant ignored him. Officer Crocket said, "He's talking to you." Defendant walked back until he was about three and one-half feet away from Sergeant Ramos, and Ramos said, "What did you say to me?" Defendant said, "F--- you." Officer Ramos got out his pepper spray and started spraying defendant. Defendant used his sack lunch to protect his face from the pepper spray. Defendant denied throwing his sack lunch at Sergeant Ramos.

ANALYSIS

I. There Was Sufficient Evidence to Support Defendant's Conviction

Defendant contends that there was insufficient evidence to support his conviction of battery on a nonconfined person by a prisoner. He specifically claims that "it was unlikely that in the quickness of the events that transpired, and the close proximity of those involved, [he] would have [had] the opportunity to throw the sack lunch in an overhand manner." We disagree.

3

A. *Standard of Review*

"In assessing the sufficiency of the evidence, we review the entire record in the light most favorable to the judgment to determine whether it discloses evidence that is reasonable, credible, and of solid value such that a reasonable trier of fact could find the defendant guilty beyond a reasonable doubt. [Citations.] Reversal on this ground is unwarranted unless it appears 'that upon no hypothesis 'whatever is there sufficient substantial evidence to support [the conviction]. [Citation.]" (*People v. Bolin* (1998) 18 Cal.4th 297, 331.)

B. *The Evidence Was Sufficient*

Section 4501.5 provides that, "[e]very person confined in a state prison of this state who commits a battery upon the person of any individual who is not himself a person confined therein shall be guilty of a felony and shall be imprisoned in the state prison for two, three, or four years, to be served consecutively." The jury was instructed that the People had to prove that: (1) defendant willfully touched Sergeant Ramos in a harmful or offensive manner; (2) when defendant acted, he was serving a sentence in a California state prison; and (3) Sergeant Ramos was not serving a sentence in state prison. The jury was further instructed that the touching could be done indirectly by causing an object to touch the other person.

The evidence here clearly showed that defendant touched Sergeant Ramos in a harmful or offensive manner. Both Sergeant Ramos and Officer Crockett testified that defendant threw his sack lunch at Sergeant Ramos. Officer Crockett testified that "[i]t was as if he was gonna throw a—a baseball." Sergeant Ramos testified that defendant

4

threw the sack lunch "[w]ith an overhand throw like a pitcher with authority," and it struck him on the left side of his face.

Defendant contends that it was "unlikely" that he threw the sack lunch at Sergeant Ramos, in the manner described. Rather, "[i]t was more reasonable to assume" that he was reacting to Officer Crockett withdrawing her baton and Sergeant Ramos using his pepper spray, and that he just raised the sack lunch to protect his face. However, the jury did not believe defendant's testimony, and we cannot reweigh the evidence. (*People v. Little* (2004) 115 Cal.App.4th 766, 771.)

Since defendant's conviction is supported by substantial evidence, we must accord due deference to the trier of fact. (*People v. Snow* (2003) 30 Cal.4th 43, 66.) We conclude that there was sufficient evidence to support defendant's conviction.

II. <u>The Trial Court Erred in Ordering Defendant to Pay Appointed Counsel Fees</u>

Defendant argues that the order requiring him to pay $500 in appointed counsel fees must be stricken because the court failed to make a determination of his ability to pay. He further contends that there was insufficient evidence to support any such determination. The People correctly concede.

The court ordered defendant to pay appointed counsel fees in the amount of $500. It did not cite the statutory basis of the order, but we assume the basis was section 987.8, subdivision (b). That section "authorizes the court to order criminal defendants to pay all or part of the cost of their appointed counsel after the trial court determines the defendant has a present ability to pay. The ability to pay includes the defendant's reasonably discernible future financial position, limited to the next six months." (*People v. Lopez*

5

(2005) 129 Cal.App.4th 1508, 1537 (*Lopez*), fn. omitted; see also § 987.8, subd. (b).) We note that section 987.8, subdivision (g)(2)(B), provides: "Unless the court finds unusual circumstances, a defendant sentenced to state prison shall be determined *not* to have a reasonably discernible future financial ability to reimburse the costs of his or her defense." (Italics added.)

As a result of defendant's conviction, he was sentenced to prison for four years. The court made no finding on defendant's ability to pay, or of unusual circumstances pursuant to section 987.8, subdivision (g)(2)(B). Furthermore, as the People concede, the record does not support an implied finding of unusual circumstances.

We conclude that the order for defendant to pay attorney fees must be reversed.

III. The Trial Court's Imposition of $240 for the Restitution and Parole Revocation Restitution Fines Was a Proper Exercise of Discretion

Defendant claims that when the court imposed restitution and parole revocation restitution fines in the amount of $240, it applied the version of section 1202.4 that had become effective on January 1, 2012. However, since defendant committed his crime three months before this amended law took effect, the fines were an ex post facto violation and should be reduced to $200 each. He further claims that his failure to object to the fines did not forfeit the issue on appeal because the fines were unauthorized. We disagree.

When defendant committed his offense in July 2011, the minimum restitution fine under section 1202.4, subdivision (b), was $200. (Former § 1202.4.) This statute was amended effective January 1, 2012, and the minimum fine was increased to $240.

6

(§ 1202.4.)  Defendant argues that the $240 restitution and parole revocation restitution fines were not authorized by the versions of section 1202.4 and 1202.45 that were in effect at the time of his crime.  However, the trial court had the discretion to impose a restitution fine ranging from $200 to $10,000 in 2011, and the $240 fine was well within that range.  (Former § 1202.4.)  Thus, while the prohibition against ex post facto laws applies to restitution fines (*People v. Valenzuela* (2009) 172 Cal.App.4th 1246, 1248), the trial court could have imposed a $240 restitution fine in 2011.  Thus, it was not an unauthorized sentence.

Furthermore, defendant raised no objection in the trial court to the amount of the fines.  Defendant claims that even though his trial counsel did not object, the error is cognizable on appeal because the imposition of the fines was unauthorized.  However, as discussed, the $240 amount was authorized; thus, defendant forfeited his right to challenge the $240 restitution amount by failing to object below.  (*People v. Garcia* (2010) 185 Cal.App.4th 1203, 1218.)

## DISPOSITION

The order to pay appointed counsel fees is reversed.  In all other respects, the judgment is affirmed.

NOT TO BE PUBLISHED IN OFFICIAL REPORTS

HOLLENHORST
Acting P. J.

We concur:

McKINSTER
J.

RICHLI
J.

8