Filed 9/19/13  P. v. Gore CA2/6

# NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## SECOND APPELLATE DISTRICT

## DIVISION SIX

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>v.<br><br>FRED JEFFREY GORE,<br><br>    Defendant and Appellant. | 2d Crim. No. B246962<br>(Super. Ct. No. 1298769)<br>(Santa Barbara County) |

Fred Jeffrey Gore appeals a judgment entered following his nolo contendere plea to assault with the intent to commit rape.  (Pen. Code, § 220, subd. (a).)[1]  We modify the judgment to reflect imposition of a $540 fine pursuant to section 290.3, and otherwise affirm.  (*People v. Valenzuela* (2009) 172 Cal.App.4th 1246, 1248-1250.)

*FACTS AND PROCEDURAL HISTORY*

On January 26, 2012, the Santa Barbara County prosecutor filed a second amended information charging Gore with kidnapping to commit rape (count 1), and assault with the intent to commit rape (count 2).  (§§ 209, subd. (b)(1), 220, subd. (a)(1).)  The criminal prosecution concerned the kidnapping and sexual assault of K.C. in the early morning hours of July 9, 1999.  On June 11, 2009, forensic investigation

---

[1] All further statutory references are to the Penal Code unless otherwise stated.

identified the DNA contained in semen deposited on K.C.'s clothing as the DNA of Gore. Gore was arrested and this prosecution ensued.

On September 6, 2012, Gore waived his constitutional rights and pleaded nolo contendere to count 2, assault with the intent to commit rape. (§ 220, subd. (a)(1).) The trial court sentenced Gore to a six-year prison term and awarded him three days of presentence custody credit. The court also ordered victim restitution and imposed a $1,440 restitution fine; a $1,440 parole revocation restitution fine (stayed); a $40 court operations assessment; a $750 sexual offender fine; and a $30 criminal conviction assessment. (§§ 1202.4, subds. (f) & (b), 1202.45, 1465.8, subd. (a), 290.3; Gov. Code, § 70373.) On the prosecutor's motion, the court dismissed the remaining charge (count 1).

Gore appeals and contends that the trial court erred by imposing a $750 sexual offender fine pursuant to section 290.3.

## DISCUSSION

Gore argues that the trial court should have imposed a $540 sexual offender fine instead of a $750 fine because in 1999, when he committed the crime, section 290.3, subdivision (a) authorized a $200 fine. He adds that applicable penalty assessments in 1999 added $340 to the $200 fine. (§ 1464, subd. (a); Gov. Code, § 76000, subd. (a)(1).) The Attorney General properly concedes.

In 1999, section 290.3 required imposition of a $200 fine upon the first conviction of a specified sexual offense. Section 1464, subdivision (a) then required a state penalty assessment of $10 for every $10 or fraction thereof of an imposed fine. Government Code section 76000, subdivision (a)(1) also then imposed a $7 penalty assessment for every $10 or fraction thereof of an imposed fine. Thus the trial court should have imposed a $540 sexual offender fine based upon 1999 law. (*People v. Valenzuela*, *supra*, 172 Cal.App.4th 1246, 1248 ["The prohibition against ex post facto laws applies to restitution fines"].) The fine imposed by the court is an unauthorized sentence that may be corrected on appeal. (*Id.* at pp. 1248-1249.)

2

We modify the judgment to impose a $540 fine pursuant to section 290.3. The trial court shall prepare and forward an amended abstract of judgment to the Department of Corrections and Rehabilitation. The judgment is otherwise affirmed.

NOT TO BE PUBLISHED.


GILBERT, P.J.


We concur:


YEGAN, J.


PERREN, J.

3

Jean M. Dandona, Judge

Superior Court County of Santa Barbara

_____


Richard B. Lennon, under appointment by the Court of Appeal, for Defendant and Appellant.


Kamala D. Harris, Attorney General, Dane R. Gillette, Chief Assistant Attorney General, Lance E. Winters, Senior Assistant Attorney General, Susan Sullivan Pithey, Supervising Deputy Attorney General, Rene Judkiewicz, Deputy Attorney General, for Plaintiff and Respondent.