Filed 10/14/14  P. v. Cortez CA3

<u>NOT</u> <u>TO</u> <u>BE</u> <u>PUBLISHED</u>

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

THIRD APPELLATE DISTRICT

(San Joaquin)

----

| | |
|---|---|
| THE PEOPLE, | C075504 |
| Plaintiff and Respondent, | (Super. Ct. No. SF120164A) |
| v. | |
| BRIAN CORTEZ, | |
| Defendant and Appellant. | |

Defendant Brian Cortez pled no contest to attempted murder, admitted he was over 16 years of age at the time of the offense, and admitted allegations of personal discharge of a firearm and a criminal street gang enhancement in exchange for a state prison sentence of 37 years.  The court sentenced defendant accordingly and imposed various fees and fines, including a $280 restitution fine (Pen. Code,[1] § 1202.4) and a

---

[1]     Further undesignated section references are to the Penal Code.

1

corresponding parole revocation restitution fine (parole fine) (§ 1202.45) in the same amount.

Defendant appeals. He contends the court should have imposed $240 rather than $280 restitution and parole fines since the fines imposed violate ex post facto principles. We disagree and affirm.

DISCUSSION

A restitution fine is considered punishment for purposes of ex post facto analysis. (*People v. Hanson* (2000) 23 Cal.4th 355, 360-362; *People v. Valenzuela* (2009) 172 Cal.App.4th 1246, 1248.) A change in the law, making conduct a crime when it had not been a crime prior to the change, or increasing punishment for a crime, or eliminating a defense, violate ex post facto principles if the new law is applied retrospectively. (*Tapia v. Superior Court* (1991) 53 Cal.3d 282, 297-298.) That is not the case here.

Defendant committed his crime on April 22, 2012. Since the range of a restitution fine at the time of defendant's crime was between $240 and $10,000 (§ 1202.4, subd. (b)(1)), the amount imposed, $280, was within this range. The maximum fine defendant faced, both before and after his crime, was $10,000. An unauthorized sentence is one that "could not lawfully be imposed under any circumstance in the particular case." (*People v. Scott* (1994) 9 Cal.4th 331, 354.) Since the fines imposed were not unauthorized, we conclude that the fines imposed do not violate ex post facto principles.

Defendant asserts that the trial court intended to impose the minimum, citing the court's statement *when defendant entered his plea*: "All right. Mr. Cortez, the maximum fine on a felony matter is $10,000 plus a penalty assessment. *The restitution fine imposed is between $200 and $10,000. The fine I will impose at the time of sentencing will be the minimum fine of $280 restitution fine . . . .*" (Italics added.) The court's statements, as reasonably read, reflect that it intended to impose $280 believing that the amount it could impose was between $200 (incorrectly since it was $240) and $10,000. At sentencing, the court stated: "I will order the -- the fines that I had initially indicated: A $280

2

restitution fine . . . .  [¶]  There's also an additional $280 parole revocation restitution fine."  When the court imposed $280, the court did not state it believed the amount imposed was the minimum amount authorized by statute.  Defendant did not raise this point when he entered his plea or at sentencing; he has thus forfeited the issue.  (*People v. Scott, supra*, 9 Cal.4th at p. 353.)

## DISPOSITION

The judgment is affirmed.


     ROBIE     , Acting P. J.


We concur:


     BUTZ     , J.


     MURRAY     , J.