Filed 4/3/15  P. v. Joseph CA3

<u>NOT</u> <u>TO</u> <u>BE</u> <u>PUBLISHED</u>

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b). This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

THIRD APPELLATE DISTRICT

(Sutter)

----

| | |
|---|---|
| THE PEOPLE, | C074168 |
| Plaintiff and Respondent, | (Super. Ct. No. CRF120234) |
| v. | |
| TIMOTHY MICHAEL JOSEPH, | |
| Defendant and Appellant. | |

In Sutter County case no. CRF120234, a jury found defendant Timothy Michael Joseph guilty of possessing methamphetamine (Health & Saf. Code, § 11377, subd. (a)), knowingly bringing a controlled substance into a county jail (Pen. Code, § 4573),[1] misdemeanor resisting a peace officer (§ 148, subd. (a)(1)), misdemeanor possession of paraphernalia used to smoke a controlled substance (Health & Saf. Code, § 11364.1), and misdemeanor possession of marijuana in an amount exceeding 28.5 grams (Health & Saf.

---

[1] Undesignated statutory references are to the Penal Code in effect at the time of the charged offenses.

1

Code, § 11357, subd. (c)). Defendant then admitted to committing a felony while released from custody. (§ 12022.1.)

When defendant appeared for sentencing on his conviction in case No. CRF120234, he also pleaded no contest to the following: grand theft (§ 487, subd. (a)) in case No. CRF110836; willful failure to appear (§ 1320, subd. (b)) in case No. CRF122310; and felony dissuasion of a witness (§ 136.1, subd. (a)) in case No. CRF131039. The trial court dismissed numerous other pending misdemeanor cases[2] and sentenced defendant to an aggregate term of five years eight months in state prison. The trial court also ordered defendant to pay numerous fines and fees. Regarding the mandatory restitution fines, the court said: "In each of these four cases, . . . the court is required to order a minimum of $280 in restitution fines, and I'm going to select that minimum amount, but that's times four, so that's a total of $1,120." Defendant raised no objection.

On appeal, defendant contends the trial court "violated [his] ex post facto rights when it imposed restitution fines enacted after the dates of the offenses of which he was convicted . . . ." He argues the restitution fines and parole revocation restitution fines should be reduced to the statutory minimum that was in effect at the time he committed those crimes. Specifically, defendant contends the fines in case No. CRF110836 should be reduced to $200, and the fines in case Nos. CRF120234 and CRF122310 should be reduced to $240.

## DISCUSSION

A restitution fine is considered punishment for purposes of ex post facto analysis. (*People v. Hanson* (2000) 23 Cal.4th 355, 360-362; *People v. Valenzuela* (2009)

---

[2] On the People's motion, the trial court dismissed the following, unrelated cases in the interest of justice: CRTR130225, CRM111734, CRM121642, CRM121786, and CRM111269.

172 Cal.App.4th 1246, 1248.) In *Tapia v. Superior Court* (1991) 53 Cal.3d 282, the court held that a change in the law making conduct a crime when it had not been a crime prior to the change, or increasing punishment for a crime, or eliminating a defense, violate ex post facto principles if the new law is applied retroactively. (*Tapia*, at p. 298.)

However, the $280 restitution fines and parole revocation restitution fines here were within the lawful statutory discretionary range at the time of defendant's offenses in 2011 and 2012. (§§ 1202.4, subd. (b) [$200/$240 minimum, $10,000 maximum], 1202.45.) Because the amount was not unauthorized, and because defendant did not object to the amount of the restitution fine and parole revocation fine in the trial court, his belated challenge to the amount of those fines is forfeited. (*People v. Smith* (2001) 24 Cal.4th 849, 852 [claim raised for the first time on appeal regarding the trial court's failure to properly make discretionary sentencing choice is forfeited].)

"Although the court is required to impose sentence in a lawful manner, counsel is charged with understanding, advocating, and clarifying permissible sentencing choices at the hearing. Routine defects in the court's statement of reasons are easily prevented and corrected if called to the court's attention. As in other waiver cases, we hope to reduce the number of errors committed in the first instance and preserve the judicial resources otherwise used to correct them." (*People v. Scott* (1994) 9 Cal.4th 331, 353.) Here, had defendant raised the 2011 and 2012 minimum fine amounts below, the trial court could have corrected any error in the amount of the fine. Because he did not, he may not challenge the fine on appeal.

**DISPOSITION**

The judgment is affirmed.

                                                  MURRAY        , J.

We concur:

       NICHOLSON     , Acting P. J.

       DUARTE        , J.