Filed 2/22/16  P. v. Buckingham CA5

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

# IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## FIFTH APPELLATE DISTRICT

| | |
|---|---|
| THE PEOPLE,<br><br>Plaintiff and Respondent,<br><br>v.<br><br>JACOB BUCKINGHAM,<br><br>Defendant and Appellant. | F070002<br><br>(Super. Ct. No. BF150614A)<br><br>**OPINION** |

## THE COURT[*]

APPEAL from a judgment of the Superior Court of Kern County.  John W. Lua, Judge.

Ross Thomas, under appointment by the Court of Appeal, for Defendant and Appellant.

Kamala D. Harris, Attorney General, Gerald A. Engler, Chief Assistant Attorney General, Michael P. Farrell, Assistant Attorney General, Daniel B. Bernstein and Jennifer M. Poe, Deputy Attorneys General, for Plaintiff and Respondent.

-ooOoo-

---

[*]      Before Kane, Acting P.J., Franson, J. and Smith, J.

## INTRODUCTION

Appellant Jacob Buckingham stands convicted of driving under the influence and proximately causing bodily injury; driving under the influence with a blood-alcohol of greater than 0.08 percent and causing injury; driving on a suspended license; and misdemeanor child endangerment. In addition, various enhancements were found true. On appeal, Buckingham contends: (1) the imposition of a $300 fine pursuant to Penal Code sections 1202.45 and 1202.4, subdivision (b) violates ex post facto laws and (2) no statutory basis is specified for the imposition of one $390 fine as required by this court's decision in *People v. High* (2004) 119 Cal.App.4th 1192 (*High*). We affirm.

## FACTUAL AND PROCEDURAL SUMMARY

Buckingham was driving the morning of August 24, 2013; his teenage son was in the vehicle with him. Buckingham failed to heed a stop sign and struck another vehicle containing five people. The California Highway Patrol was on the scene almost immediately. Buckingham failed a field sobriety test and it was determined he had a blood-alcohol of 0.20 percent.

Buckingham was charged with driving under the influence and proximately causing bodily injury (Veh. Code, § 23153, subd. (a)); driving under the influence with a blood-alcohol greater than 0.08 percent and causing bodily injury (Veh. Code, § 23153, subd. (b)); willful harm or injury to a child (Pen. Code § 273a, subd. (a)); and driving on a suspended license (Veh. Code, § 14601.1, subd. (a)). As to each of the driving under the influence counts, it was alleged that Buckingham had a blood-alcohol level of 0.15 percent or more (Veh. Code, § 23578); five great bodily injury enhancements were alleged (Pen. Code, § 12022.7); and five enhancements of causing bodily injury to more than one victim (Veh. Code, § 23558).

On July 9, 2014, Buckingham entered a plea of no contest to a misdemeanor charge of driving with a suspended license. On July 18, 2014, a jury found Buckingham guilty of both driving under the influence counts and the lesser included offense of

misdemeanor child endangerment. The jury also found true as to each driving under the influence count, two of the great bodily injury enhancements, three enhancements for inflicting injury on more than one victim, and that Buckingham had a blood-alcohol concentration of 0.15 percent or more.

The trial court imposed sentence on August 19, 2014. The total aggregate term imposed was 10 years, along with various fines and fees. Of importance to this appeal is that the trial court ordered Buckingham "to pay a mandatory fine of $390 to be converted to 13 days in custody" and imposed a fine of $300 pursuant to Penal Code sections 1202.45 and 1202.4, subdivision (b). On August 24, 2014, Buckingham filed a notice of appeal.

## DISCUSSION

Buckingham raises two issues in this appeal. First, he contends there is no statutory authority specified for the imposition of the mandatory "$390 fine to be converted to 13 days in custody" and the matter must be remanded to the trial court for clarification. Second, he contends the imposition of a $300 fine pursuant to Penal Code sections 1202.45 and 1202.4, subdivision (b) violate ex post facto laws.

## I.     Forfeiture of Issues

We first note that Buckingham failed to object to the sentence in the trial court on either of the grounds asserted in this appeal. Only a sentence unauthorized as a matter of law is reviewable on appeal in the absence of an objection in the trial court. (*People v. Scott* (1994) 9 Cal.4th 331, 354.) Only where a sentence cannot lawfully be imposed under any circumstances is the forfeiture rule not applied. (*In re Sheena K.* (2007) 40 Cal.4th 875, 887.) Here, the trial court did not impose an unauthorized sentence and the issues raised by Buckingham are therefore forfeited.

## II.    Mandatory $390 Fine

The trial court imposed a "mandatory fine of $390 to be converted to 13 days in custody" at sentencing. No objection or request for clarification was made in the trial

3.

court at sentencing.  Buckingham contends the matter must be remanded for the trial court to specify the basis for imposition of this fine, pursuant to *High*, *supra*, 119 Cal.App.4th at pages 1200–1201.  We disagree.

In *High,* this court held that the abstract of judgment must separately specify and set forth each fine imposed, delineating the dollar amount and the statutory basis for each fine.  (*High*, *supra*, 119 Cal.App.4th at p. 1200.)  The abstract of judgment in Buckingham's case specifically states that the fine of $390 is imposed pursuant to Vehicle Code section 23550.  The abstract also specifies that Buckingham is to serve 13 days in custody in lieu of paying the fine, with the 13 days to be served concurrently.

The specification in the abstract of judgment of the dollar amount of the fine and the statutory authority for the fine comports with the holding of *High*, *supra*, 119 Cal.App.4th at page 1200.  The $390 fine is authorized by Vehicle Code section 23550 and the imposition of 13 days in custody in lieu of payment of the fine is authorized by Penal Code section 1205, subdivision (a).  Consequently, there is no unauthorized sentence and no need to remand the matter for any further clarification by the trial court.

## III.     No Ex Post Facto Violation

Buckingham also contends the trial court violated ex post facto laws when it imposed a $300 fine pursuant to Penal Code sections 1202.45 and 1202.4, subdivision (b) because the minimum amount of such fines at the time he committed his offense was $280.  Again, we disagree.

An unlawful restitution fine runs afoul of ex post facto laws.  (*People v. Valenzuela* (2009) 172 Cal.App.4th 1246, 1248.)  Parole revocation fines under Penal Code section 1202.45 also are subject to ex post facto laws.  (*People v. Callejas* (2000) 85 Cal.App.4th 667, 678.)

The probation officer's report recommended that Buckingham "pay a restitution fine in the amount of $300.00, pursuant to Penal Code Section 1202.4[, subdivision ](b)."  At sentencing, the trial court stated it was imposing a "restitution fine of $300 pursuant to

4.

Penal Code Section 1202.4[, subdivision ](b)." Neither the probation report nor the trial court stated that the minimum fine was recommended or being imposed.

In 2013, when Buckingham committed the offenses, Penal Code section 1202.4, subdivision (b) provided for a minimum fine of $280 and a maximum fine of $10,000. (Stats. 2012, ch. 873, § 1.5.) Thus, the maximum amount the trial court legally could have imposed was $10,000 each for the restitution fine and the parole revocation fine. (Stats. 2012, ch. 762, § 1.) Therefore, the restitution fine and parole revocation fines in the amount of $300 each are not unauthorized and did not violate ex post facto laws.

## **DISPOSITION**

The judgment is affirmed.