Filed 8/12/16  P. v. Ozuna CA5

<u>NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS</u>

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## FIFTH APPELLATE DISTRICT

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>        v.<br><br>JON WOLFGANG OZUNA,<br><br>    Defendant and Appellant. | F071753<br><br>(Super. Ct. Nos. F15900433 & F13912225)<br><br>**OPINION** |

### THE COURT[*]

APPEAL from a judgment of the Superior Court of Fresno County.  James A. Kelley, Judge.

William D. Farber, under appointment by the Court of Appeal, for Defendant and Appellant.

Kamala D. Harris, Attorney General, Gerald A. Engler, Chief Assistant Attorney General, Michael P. Farrell, Assistant Attorney General, Daniel B. Bernstein and Alice Su, Deputy Attorneys General, for Plaintiff and Respondent.

-ooOoo-

---

[*]        Before Gomes, Acting P.J., Franson, J. and Peña, J.

In case No. F13912225, appellant Jon Wolfgang Ozuna pled no contest to cultivation of marijuana (Health & Saf. Code, § 11358), and he admitted a prior prison term enhancement (Pen. Code, § 667.5)[1] and allegations that he had a prior strike within the meaning of the Three Strikes law (§ 667, subd. (b)-(i)). In case No. F15900433, Ozuna pled no contest to second degree burglary (§§ 459, 460, subd. (b)), and he admitted two prior prison term enhancements and allegations that he had a prior conviction within the meaning of the three strikes law.

On appeal, Ozuna contends the trial court erred in case No. F15900433 by imposing a $50 laboratory fee in that case and ordering him to register as a narcotics offender. We find merit to Ozuna's contention and modify the judgment accordingly. In all other respects, we affirm.

## FACTS

On July 3, 2013, at approximately 12:44 p.m., Sanger Police Officer Abraham Ruiz discovered 17 marijuana plants growing in Ozuna's backyard. Ozuna admitted that the plants were his and that he did not have a "marijuana card" (case No. F13912225).

On January 9, 2015, at approximately 10:15 a.m., Sanger police officers responded to a vacant warehouse on a call of a possible burglary. One of the officers arrested Justin Torres at the warehouse. Ozuna was arrested in a nearby shopping center. During a postarrest interview, Ozuna admitted having been in the warehouse (case No. F15900433).

On November 20, 2014, the Fresno County District Attorney filed an amended information in case No. F13912225 charging Ozuna with cultivation of marijuana, a prior prison term enhancement (§ 667.5 subd. (b)) and with having a prior conviction within the meaning of the three strikes law (§ 667, subds. (b)-(i)). That same day Ozuna pled no contest to cultivation of marijuana and admitted the other allegations.

---

[1] All further statutory references are to the Penal Code, unless otherwise indicated.

On February 18, 2015, the district attorney filed an information in case No. F15900433 charging Ozuna with second degree burglary (count 1), resisting arrest (count 3/§ 148, subd. (a)), two prior prison term enhancements, and with having a prior conviction within the meaning of the three strikes law.

On April 2, 2015, Ozuna entered his plea in case No. F15900433 in exchange for a stipulated two-year prison term with execution of sentence stayed and a grant of probation with a 365-day local term. The agreement also provided for early release to an inpatient drug rehabilitation program of no less than six months that also had an aftercare component.

On April 29, 2015, the court struck the prior prison term enhancements and Ozuna's prior strike convictions. The court also sentenced Ozuna to a two-year prison term on his cultivation of marijuana conviction in case No. F13912225 and to a concurrent two-year term on his second degree burglary conviction in case No. F15900433. The court then suspended execution of sentence and placed Ozuna on probation for three years on the condition Ozuna serve a year in custody with early release to an approved inpatient drug treatment program with an aftercare component. In both cases the court ordered Ozuna to pay a $50 laboratory fee pursuant to Health and Safety Code section 11372.5, subdivision (a) and to register as a narcotics offender pursuant to Health and Safety Code section 11590.

## DISCUSSION

Ozuna contends the court erred in case No. F15900433 by ordering him to pay a laboratory fee and to register as a narcotics offender because he was not convicted of a drug offense in that case. Respondent concedes and we agree.

Section 11372.5 of the Health and Safety Code requires the court to impose a $50 laboratory fee for each drug offense specified in that section that a defendant is convicted of. (Health & Saf. Code, § 11372.5, subd. (a)).)

Section 11590 of the Health and Safety Code requires a person convicted of a drug offense specified in that section to register as a narcotics offender within 30 days of coming into any county or city with the chief of police of the city in which he resides or the sheriff of the county if the defendant lives in an unincorporated area.  (Health & Saf. Code, § 11590, subd. (a).)

Since Ozuna was not convicted of a drug offense in case No. F15900433, the court's orders in that case requiring Ozuna to pay a $50 laboratory fee and to register pursuant to Health and Safety Code section 11590 are unauthorized sentences that we may correct on appeal.  (*People v. Valenzuela* (2009) 172 Cal.App.4th 1246, 1249.)

## DISPOSITION

The judgment in case No. F15900433 is modified to strike the court's orders requiring Ozuna to pay a $50 lab fee and to register pursuant to Health and Safety Code section 11590.  As modified, the judgment in case No. F15900433 is affirmed.  The judgment in case No. F13912225 is affirmed.