Filed 3/30/22  P. v. Lynex CA2/1

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION ONE

| | |
|---|---|
| THE PEOPLE, | B314749 |
| Plaintiff and Respondent, | (Los Angeles County Super. Ct. No. PA034126) |
| v. | |
| TOMMIE LAWSON LYNEX, | |
| Defendant and Appellant. | |

APPEAL from an order of the Superior Court of Los Angeles County, Daniel B. Feldstern, Judge.  Affirmed.

_____

Richard B. Lennon and Jill Ishida, under appointment by the Court of Appeal, for Defendant and Appellant.

No appearance for Plaintiff and Respondent.

_____

A jury convicted defendant and appellant Tommie Lawson Lynex of first degree murder (Pen. Code,[1] § 187, subd. (a)) in 2000. The court sentenced him to a base term of 25 years to life, plus an additional 25 years to life for personally using a firearm to cause great bodily injury or death. (§ 12022.53, subd. (d).) The trial court also imposed a restitution fine of $10,000 (§ 1202.4, subd. (b)), a parole revocation fine of $10,000 stayed pending the completion of parole (§ 1202.45), and $5,000 in restitution to the family of the victim (§ 1202.4, subd. (f)). We affirmed the conviction on appeal. (*People v. Lynex* (July 17, 2001, B145639) [nonpub. opn.).)[2]

Two decades after his conviction, on July 16, 2021, Lynex filed a petition to modify his restitution and parole revocation fines. He alleged that the fines were unauthorized, and that they constituted cruel and unusual punishment under the Eighth Amendment. He also alleged that he had not had an opportunity to dispute the amount of the fine, in violation of his right to due process. Finally, he claimed that his attorney rendered ineffective assistance of counsel by failing to object to the fines.

The trial court denied the petition on the grounds that the fines were not excessive, and that Lynex had not shown an inability to pay. The court also concluded that Lynex forfeited the issue

---

[1] Unless otherwise specified, subsequent statutory references are to the Penal Code.

[2] We grant Lynex's request for judicial notice of the prior opinion. We deny the request to the extent it seeks judicial notice of additional documents not relevant to the issues Lynex has raised in his supplemental brief. Lynex has also filed a motion to recall the remittitur. Although he filed the motion in the instant case, we assume he meant to request to recall the remittitur in his original appeal. In any case, we deny that motion in a separate order filed concurrently with this opinion.

by failing to object at the sentencing hearing, and that his claim of ineffective assistance of counsel failed because he had not demonstrated a reasonable probability of succeeding on the merits.

Lynex filed a timely notice of appeal.

We appointed counsel for Lynex, who filed a brief raising no issues and requesting that we follow the procedures set forth in *People v. Serrano* (2012) 211 Cal.App.4th 496 (*Serrano*). Counsel provided Lynex with a copy of the record and the *Serrano* brief, and informed him that he had the right to file a supplemental brief. Lynex filed a supplemental brief on January 20, 2022.

## DISCUSSION

When a defendant's appointed counsel files a brief raising no issues in an appeal of a denial of postconviction relief, we are not obligated to review the record independently to determine whether there are any arguable issues on appeal. (*People v. Cole* (2020) 52 Cal.App.5th 1023, 1039 (*Cole*), review granted Oct. 14, 2020, S264278.) The defendant has a right, however, to file a supplemental brief. (*Ibid.*) If he does so, "the Court of Appeal is required to evaluate any arguments presented in that brief and to issue a written opinion that disposes of the trial court's order on the merits." (*Id.* at p. 1040.)

Lynex raises one issue in his supplemental brief. He contends that his parole revocation fine is an unauthorized sentence because of Assembly Bill No. 1869 (2019–2020 Reg. Sess.) (Assembly Bill No. 1869) (Stats. 2020, ch. 92), which he describes as "an ameliorative change to the law that eliminated fees related to mandatory supervision, effective January 1, 2022."

Lynex is correct that an unauthorized sentence, including an unauthorized fine, can be corrected at any time, even if the defendant failed to object when it was first imposed. (*People v.*

3

*Valenzuela* (2009) 172 Cal.App.4th 1246, 1248–1249.)  This rule, however, applies only where the fine "could not lawfully be imposed under any circumstance in the particular case." (*People v. Scott* (1994) 9 Cal.4th 331, 354.)  Lynex's $10,000 parole revocation fine does not meet this requirement.  At the original sentencing hearing, the trial court was required to impose "an additional parole revocation restitution fine in the same amount as" the restitution fine.  (§ 1202.45, subd. (a).)  At the time of Lynex's conviction, as now, the maximum restitution fine under section 1202.4, subdivision (b) was $10,000, which is the amount the trial court imposed.  The parole revocation fine was therefore not unauthorized.

Furthermore, Assembly Bill No. 1869 did not amend either section 1202.4 or section 1202.45.  The law was designed "to eliminate the range of administrative fees that agencies and courts are authorized to impose to fund elements of the criminal legal system and to eliminate all outstanding debt incurred as a result of the imposition of administrative fees" (Stats. 2020, ch. 92, § 2), but it did not abolish parole revocation fines.

4

## DISPOSITION

The trial court's order is affirmed.

<u>NOT TO BE PUBLISHED.</u>

ROTHSCHILD, P. J.

We concur:

BENDIX, J.

CRANDALL, J.*

---

\* Judge of the San Luis Obispo Superior Court, assigned by the Chief Justice pursuant to article VI, section 6 of the California Constitution.