Filed 6/24/22  P. v. Thompson CA3

NOT TO BE PUBLISHED

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

THIRD APPELLATE DISTRICT

(Butte)

----

| | |
|---|---|
| THE PEOPLE,<br><br>Plaintiff and Respondent,<br><br>v.<br><br>JAY THOMPSON,<br><br>Defendant and Appellant. | C091331<br><br>(Super. Ct. Nos.<br>17CF05903, 18CF02111) |

Defendant Jay Thompson contends, and the People agree, that his one-year prior prison enhancement imposed pursuant to Penal Code section 667.5, former subdivision (b)[1] must be stricken because of changes in the underlying statutory authority.  We affirm the conviction but modify the judgment to strike the enhancement and increase defendant's credits for time served.  We also will remand for resentencing.

---

[1]    Undesignated statutory references are to the Penal Code.

1

FACTUAL AND PROCEDURAL HISTORY

In November 2017, defendant worked with others to cash payroll checks that were stolen from a business in Oroville. In April 2018, defendant was arrested while coming out of a building with an activated security alarm carrying rubber gloves and a screwdriver.

Defendant was charged in Butte County in two cases, the first case with identity theft (§ 530.5, subd. (a)), and forgery related to identity theft. (§ 470, subd. (a).) It was further alleged defendant had six prior prison terms. (§ 667.5, subd. (b).) For the second case, defendant was charged with second degree commercial burglary (§ 459) with the same six prior prison term allegations. (§ 667.5, subd. (b).) In July 2019, defendant pleaded no contest to identity theft in the first case and commercial burglary in the second case for a maximum potential prison term of three years eight months in exchange for dismissal of the other charges and allegations.

Previously, in April 2019, defendant pleaded no contest in three cases in Sacramento County to vehicle theft (Veh. Code, § 10851, subd. (a)), attempted second degree burglary (§§ 664, 459), receiving a stolen vehicle (§ 496d, subd. (a)), and two counts of second degree burglary. (§ 459.)

On September 5, 2019, the trial court sentenced defendant in the Butte County cases to the upper term of three years for identity theft and eight months (one-third the midterm) for second degree commercial burglary. The court acknowledged defendant had been previously sentenced in Sacramento County for several cases, but those had not yet been fully resolved so the court did not consider them. On December 10, 2019, defendant asked the court to recall his sentence on its own motion based on the Sacramento County cases, stating that without resentencing under all of his cases, he would serve more time on a concurrent sentence than if he had been sentenced consecutively.

On December 26, 2019, the court recalled defendant's sentence under section 1170, subdivision (d), and resentenced defendant on all five cases. The court sentenced defendant in the three Sacramento County cases to the upper term of three years for vehicle theft (Veh. Code, § 10851, subd. (a)); the upper term of one year six months concurrent for attempted second degree burglary (§§ 664, 459); the upper term of three years concurrent for receiving a stolen vehicle (§ 496d, subd. (a)); the midterm of two years concurrent for one of the second degree burglaries (§ 459); and the upper term of three years concurrent for the other second degree burglary. (§ 459.) For the two Butte County cases, the court sentenced defendant to eight months (one-third midterm) consecutive for identity theft (§ 530.5, subd. (a)), and eight months (one-third midterm) consecutive for second degree commercial burglary (§ 459), for a total sentence of four years four months, "plus 1 year for the prior conviction pursuant to [ ] section 667.5(b)," for a total aggregate sentence of five years four months. The court also orally awarded 1,180 days of credit for time served based on 769 total days from the Sacramento County cases, 409 total days in the first case in Butte County, and eight total days in the second case.

DISCUSSION[2]

I

*Prior Prison Term Enhancement*

Defendant contends his one-year prior prison term enhancement imposed pursuant to section 667.5, former subdivision (b) must be stricken pursuant to the amendment to section 667.5, subdivision (b) by Senate Bill No. 136 (2019-2020 Reg. Sess.) (Senate Bill 136) and argues remand is not necessary. The People agree the enhancement must be

---

[2]     This matter was reassigned to the panel as presently constituted in June 2022.

stricken but believe remand is necessary for resentencing to allow the court to consider all sentencing options.

On October 8, 2019, the Governor signed Senate Bill 136 into law. The new law, which became effective on January 1, 2020, amended section 667.5, subdivision (b), which formerly imposed a one-year sentence enhancement for each separate prior prison term or county jail term imposed under section 1170, subdivision (h) where a defendant had not remained free of custody for at least five years. (§ 667.5, former subd. (b).) Pursuant to Senate Bill 136, a one-year prison prior enhancement now applies only if a defendant served a prior prison term for a sexually violent offense as defined in Welfare and Institutions Code section 6600, subdivision (b). (See Stats. 2019, ch. 590, § 1.) Because his sentence was not final when Senate Bill 136 took effect, and because his prior offense was not for a sexually violent felony, we agree with the parties that the amended law applies to defendant retroactively. (See *People v. Vieira* (2005) 35 Cal.4th 264, 305-306 [defendant entitled to retroactive application of criminal statute that takes effect during the time the defendant has to appeal to the United States Supreme Court]; *In re Estrada* (1965) 63 Cal.2d 740, 742; *People v. Lopez* (2019) 42 Cal.App.5th 337, 341-342.)

On January 1, 2022, after briefing concluded in this case, section 1171.1 became effective, added by Senate Bill No. 483 (2021-2022 Reg. Sess.). This section states: "Any sentence enhancement that was imposed prior to January 1, 2020, pursuant to subdivision (b) of Section 667.5, except for any enhancement imposed for a prior conviction for a sexually violent offense as defined in subdivision (b) of Section 6600 of the Welfare and Institutions Code is legally invalid." (§ 1171.1, subd. (a).) Section 1171.1 contemplates recall and resentencing for persons whose convictions are final and who are serving terms for judgments including the no longer valid section 667.5, subdivision (b) enhancements. (§ 1171.1, subds. (c), (d), (e).) A section 1171.1 remand and resentencing may also provide the appropriate appellate remedy in many cases where

4

a defendant has been sentenced for an enhancement under section 667.5, former subdivision (b) and the defendant's judgment is not yet final.  In such cases, this would afford the trial court the opportunity to resentence under the "full resentencing rule" (*People v. Buycks* (2018) 5 Cal.5th 857, 893 ["when part of a sentence is stricken on review, on remand for resentencing 'a full resentencing as to all counts is appropriate, so the trial court can exercise its sentencing discretion in light of the changed circumstances' "]), subject to the requirements and limitations in section 1171.1.  (See § 1171.1, subd. (d).)

Whether considered in light of recently enacted section 1171.1 or in the context of Senate Bill 136, defendant's prior prison term enhancement, which was not for a sexually violent offense, is no longer valid.  Consequently, we will direct the trial court to strike defendant's prior prison term enhancement and "remand the matter for resentencing to allow the court to exercise its sentencing discretion in light of the changed circumstances."[3]  (*People v. Jennings* (2019) 42 Cal.App.5th 664, 682.)

II

*Calculation of Credits*

As noted above, the trial court orally awarded defendant 1,180 days of credit when it sentenced him in the instant case.  This was an incorrect amount.  Defendant was entitled to an overall total time of 1,186 days of credit based on 769 total days for the Sacramento County cases (385 days of actual time and 384 days of conduct time) and 417 total days for the Butte County cases (for the first case:  205 days of actual time and

---

[3]     Section 1170 has also been modified since briefing concluded in this case, altering the trial court's discretion in imposing upper term sentences.  (See Sen. Bill No. 567 (2020–2021 Reg. Sess.); Stats. 2021, ch. 731, § 1.3; *People v. Flores* (2022) 73 Cal.App.5th 1032, 1039.)  The trial court must apply modified section 1170 on resentencing where appropriate.  (*Flores, supra*, at p. 1040.)

204 days of conduct credit; for the second case: 4 days of actual time and 4 days of conduct time).

"[A]n unauthorized sentence may be corrected at any time even if there was no objection in the trial court. [Citations.] Such an unauthorized sentence may be corrected even when raised for the first time on appeal." (*People v. Valenzuela* (2009) 172 Cal.App.4th 1246, 1249.) Awarding fewer credits for time served than the actual number of days in custody is an unauthorized sentenced that may be corrected at any time, including on appeal. We will therefore correct the judgment and increase the number of custody credits for actual time served from 1,180 to 1,186. This was correctly calculated in the abstract of judgment and the minutes for the sentencing hearing, so no change to the number of days credited is needed in these documents.

DISPOSITION

The judgment is modified to strike the one-year prior prison term enhancement (§ 667.5, former subd. (b)) and award defendant a total 1,186 days of credit. As modified, the judgment is affirmed. The matter is remanded for resentencing consistent with section 1171.1.


                                                  _____KRAUSE_____, J.


We concur:


_____ROBIE_____, Acting P. J.


_____RENNER_____, J.

6