Filed 3/17/15  P. v. Coelho CA3

<u>NOT</u> <u>TO</u> <u>BE</u> <u>PUBLISHED</u>

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

# COPY

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## THIRD APPELLATE DISTRICT

(Calaveras)

----

| | |
|---|---|
| THE PEOPLE, | C071535 |
| Plaintiff and Respondent, | (Super. Ct. No. 11F5295) |
| v. | |
| RICHARD JOSEPH COELHO, | |
| Defendant and Appellant. | |

After pleading no contest to first degree burglary, defendant Richard Joseph Coelho on appeal challenges the trial court's (1) denial of his motion to strike a prior conviction (*People v. Superior Court (Romero)* (1996) 13 Cal.4th 497) and (2) imposition of a restitution fine and parole revocation fine under Penal Code sections 1202.4 and 1202.45.  (Statutory references that follow are to the Penal Code.)  Defendant contends (1) the trial court abused its discretion in denying the *Romero* motion; and (2) improperly applied a statutory amendment increasing the minimum fine, in violation of ex post facto

1

principles. We modify the judgment to provide for a restitution fine under section 1202.4, subdivision (b), as correctly indicated in the court minutes and abstract of judgment, rather than subdivision (e) as stated in the reporter's transcript. As so modified, we affirm the judgment.

FACTS AND PROCEEDINGS

Because the conviction is based on a plea, we take the facts from the probation report.

On November 2, 2011, defendant entered the home of his ex-girlfriend Mary Hopper by cutting a hole in the wall. When she arrived home, defendant tackled her to the floor and "tased" her with a taser. She did not see the taser but felt it. Defendant handcuffed the victim to him. She tried to calm him down with small talk. They took her dog out back to relieve itself. Defendant said he would kill Hopper if she screamed. He could not stand it anymore and wanted to kill himself. Back inside the house, the victim asked defendant to remove the handcuffs, and he did. The victim thought defendant was experiencing heart problems and told him to take his "nitro" pills. He said he was afraid she would call the police if he let her go. She said she would not call the police. She was very frightened. She told defendant she was not feeling well and asked if she could drive defendant to his car. He agreed but first retrieved a piece of rope with attached plastic handcuffs and said he was going to hog-tie her so she would be present when he killed himself. The victim said she was scared. Defendant put the handcuffs in his pocket. The victim drove defendant to his car. He returned her cell phone. He followed her part way but continued on the highway after she turned off at her exit. She called 911. Police later located defendant at his storage locker, where he had a bed, water, food in a freezer, and a shotgun.

The prosecutor charged defendant with six felony counts: (1) first degree burglary (§§ 459-460), (2) false imprisonment (§§ 236-237), (3) willful assault with a stun gun

2

(§ 244.5), (4) witness intimidation (§ 136.1), (5) terrorist threats (§ 422), and (6) willful infliction of corporal injury on a former cohabitant (§ 273.5, subd. (a)). The pleading alleged a prior strike conviction for section 207 kidnapping in 1987.

On February 10, 2012, defendant pleaded no contest to the burglary count and admitted he was convicted of kidnapping his ex-wife in 1987. The other counts were dismissed with defendant's waiver under *People v. Harvey* (1979) 25 Cal.3d 754.

At sentencing on May 25, 2012, the trial court denied defendant's *Romero* motion and sentenced defendant to 12 years -- the upper term of six years, doubled due to the prior strike. The court imposed a restitution fine of $240 pursuant to section 1202.4, plus a $240 parole revocation restitution fine under section 1202.45, the latter suspended unless parole is revoked in the future.

DISCUSSION

I

*Romero Motion*

Defendant contends the trial court abused its discretion in denying the *Romero* motion, because the court applied the wrong legal standard by conflating the *Romero* motion with sentencing in this matter. However, any error in addressing the *Romero* issue at the same time the court was discussing the appropriate sentence was invited, and defendant fails to show an abuse of the trial court's discretion in any event.

A trial court has discretion to strike a prior serious felony conviction under *Romero* only if the defendant falls outside the spirit of the three strikes law. (*People v. Williams* (1998) 17 Cal.4th 148, 161 (*Williams*).) In deciding whether to strike or vacate a prior serious felony "strike" conviction under *Romero,* the trial court "must consider whether, in light of the nature and circumstances of his present felonies and prior serious and/or violent felony convictions, and the particulars of his background, character, and prospects, the defendant may be deemed outside the scheme's spirit, in whole or in part,

3

and hence should be treated as though he had not previously been convicted of one or more serious and/or violent felonies." (*Williams, supra*, at p. 161.)

The trial court's denial of a *Romero* motion is reviewed for abuse of discretion. (*People v. Carmony* (2004) 33 Cal.4th 367, 374 (*Carmony*).) A refusal to strike a prior conviction is an abuse of discretion only in limited circumstances, e.g., when the court considers impermissible factors in refusing to dismiss, or if the sentencing norm under the three strikes law leads, as a matter of law, to an arbitrary, capricious, or patently absurd result under the circumstances of the individual case. (*Carmony, supra*, at p. 378.)

Here, defense counsel asked the trial court to allow him to argue the *Romero* motion and sentencing simultaneously, stating, "I am not sure if I can break up my original arguments on the *Romero* motion and sentencing, I think it's better if I just had them heard at once." The trial court allowed it.

After hearing oral argument, the trial court commented it was proper to argue both together because they "kind of go together." The court then explained its reasons for denying the *Romero* motion and sentenced defendant under the three strikes law. The circumstances went beyond a simple burglary, in that defendant cut a hole in the wall, used a taser to immobilize the victim, handcuffed her, and threatened to kill her and hog-tie her. The crime was clearly planned. Defendant had a prior prison term and numerous prior convictions (including assault, burglary and false imprisonment in 1984, theft in 1986, and a 1987 kidnapping of his then-wife that he assertedly committed to protect his children). His past satisfactory performance on probation was a factor in his favor but not enough to tip the scales. The court then stated it was denying the *Romero* motion because the circumstances brought this case within the spirit of the three strikes law. In continuing with sentencing under the three strikes law, the trial court stated defendant's actions indicate he presents a great risk of danger to the public. The circumstances demonstrated "the defendant's health issues have not interfered with him executing an

4

intricate and sophisticated scheme," and defendant had a prior conviction for a similar offense.

Defendant acknowledges the trial court is not required to state reasons for declining to strike a prior conviction (*In re Large* (2007) 41 Cal.4th 538, 550-551), but he argues the record shows the trial court applied the wrong legal standard because the court referred to the foregoing circumstances as "aggravating" and "mitigating" factors, which are words used in sentencing, not in *Romero* motions. Defendant complains the trial court "jumbled" *Romero* with selection of the sentence term. However, it was defense counsel who asked to argue both together. Assuming error, a party who asks the trial court to act as it did has invited the error. (*People v. Williams* (2008) 43 Cal.4th 584, 629.)

Moreover, defendant fails to show any abuse of discretion in denial of the motion. He claims the trial court believed the *only* mitigating factor was his satisfactory performance on probation in the 1980's. Defendant claims the court failed to consider his heart condition and that he remained crime-free between the 1987 kidnapping conviction and the current offense in 2011. However, the court did consider these points. The court stated, "the amount of planning that went into this offense demonstrates that the defendant's health issues have not interfered with him executing an intricate and sophisticated scheme." And the court stated with regard to his prior convictions, "I do realize that they were some time ago." That the court made these comments immediately after, rather than before, denying the *Romero* motion is without consequence.

Defendant thinks he should benefit from the facts that the 1987 kidnapping of his then-wife "at least was not perpetrated upon a stranger," and he also had a relationship with the current victim rather than preying on a stranger, and the current victim was "uninjured" apart from the taser burns. That defendant preyed on women who loved him does not help his cause, nor does his cavalier disregard of the terror reported by the

5

current victim during the three-hour ordeal to which he subjected her, and her ongoing fear.

It is plain the trial court was aware of its discretion and did not rely on any impermissible factor in reaching its decision. Nor can we say that following the sentencing norms of the three strikes law led to a result that was arbitrary, capricious, or patently absurd given the circumstances of this case. Defendant fell squarely within the ambit of the three strikes law, and the trial court's decision was well within its discretion.

We conclude the trial court did not abuse its discretion in denying the *Romero* motion.

II

*Restitution Fine*

Defendant contends the $240 restitution fine (§ 1202.4) and the corresponding $240 parole revocation fine (§ 1202.45) violate ex post facto principles (U.S. Const., art. I, § 10; Cal. Const., art. I, § 9), because the court incorrectly applied the $240 minimum fine authorized by the version of section 1202.4 in effect at the time of sentencing in 2012, instead of the $200 minimum in effect at the time he committed the crime in 2011. Assuming the matter is not forfeited by failing to raise it in the trial court (*People v. Turrin* (2009) 176 Cal.App.4th 1200, 1205; *People v. Valenzuela* (2009) 172 Cal.App.4th 1246, 1249), defendant fails to show error.

Consistent with ex post facto principles, which prohibit making punishment more burdensome after the crime is committed, the amount of a restitution fine is determined by the statute in effect when the crime occurred. (*People v. Souza* (2012) 54 Cal.4th 90, 143.)

At the time of defendant's crime in November 2011, section 1202.4, subdivision (b)(1), provided: "The restitution fine shall be set at the discretion of the court and commensurate with the seriousness of the offense, but shall not be less than two hundred

6

dollars ($200), and not more than ten thousand dollars ($10,000), if the person is convicted of a felony . . . ." (Stats. 2011, ch. 45, § 1, eff. July 1, 2011.) The minimum fine increased to $240 effective January 1, 2012. (Stats. 2011, ch. 358, § 1.)

Defendant in his opening brief merely claims the trial court "evidently" intended to impose a minimum fine. However, that is an assumption by defendant. The trial court did not state it intended to impose the minimum fine. In February 2012, defendant signed a plea form acknowledging the court would impose a restitution fine "between $200 and $10,000." Although the probation report recommended $240, and the trial court stated it had considered the probation report, there is no indication the fine was intended to be a statutory minimum.

A judgment or order of the trial court is presumed correct; all intendments and presumptions are indulged to support it on matters where the record is silent; and the appellant must affirmatively show error. (*In re Julian R.* (2009) 47 Cal.4th 487, 499; *Denham v. Superior Court of Los Angeles County* (1970) 2 Cal.3d 557, 564.)

Defendant fails to meet his burden to show error affirmatively.

In his reply brief, defendant continues to misperceive his burden. He says that nothing in the record shows the trial court considered any of the statutorily relevant factors as required by section 1202.4, subdivision (d), when the court sets a fine above the minimum. However, as defendant acknowledges, the statute provides that "[e]xpress findings by the court as to the factors bearing on the amount of the fine shall not be required." (§ 1202.4, subd. (d); Stats. 2011, ch. 45, § 1; Stats. 2011, ch. 358, § 1.)

Defendant's reply brief also raises new points for the first time. For example, he claims it cannot be presumed that the trial court used the former rather than the newer version of section 1202.4, subdivision (b), because -- although the abstract of judgment correctly shows the fine was imposed under subdivision (b) -- the reporter's transcript shows the trial court said it was imposing the fine under "Section 1202.4(e)." This was an obvious typographical error, since subdivision (e), then and now, merely states the fine

is not subject to specified penalty assessments and shall be deposited in the State Treasury.  Defendant fails to show error in the amount of the fine.  And we disregard points improperly raised for the first time in the reply brief with no explanation as to why they could not have been raised in the opening brief.  (*People v. Smithey* (1999) 20 Cal.4th 936, 1017, fn. 26.)

On this record, we presume the trial court properly exercised its discretion to impose a fine pursuant to the version of the statute in effect at the time of defendant's offense.  There was no ex post facto violation.

Nevertheless, since the oral pronouncement constitutes the judgment and controls over conflicting writings (*People v. Mitchell* (2001) 26 Cal.4th 181, 185-187; *People v. Scott* (2012) 203 Cal.App.4th 1303, 1324), we modify the judgment to correct the mistaken citation to subdivision (e) and to provide for a restitution fine under subdivision (b) of section 1202.4, as correctly indicated in the minutes and abstract of judgment.

DISPOSITION

The judgment is modified to provide for a restitution fine under section 1202.4, subdivision (b).  As so modified, the judgment is affirmed.


      HULL      , Acting P. J.


We concur:


      ROBIE      , J.


      DUARTE      , J.