Filed 4/16/21  P. v. McNeely CA6
## NOT TO BE PUBLISHED IN OFFICIAL REPORTS

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SIXTH APPELLATE DISTRICT

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>v.<br><br>KELLY HUGH MCNEELY,<br><br>    Defendant and Appellant. | H047403<br>(Santa Clara County<br>Super. Ct. No. C1888678) |

Defendant Kelly Hugh McNeely pleaded no contest to two counts of lewd conduct on a child under the age of 14 in violation of Penal Code section 288, subdivision (a) in exchange for a three-year prison term.[1]  The trial court sentenced defendant to the agreed upon term and imposed various fines and fees, finding defendant had the ability to pay. On appeal, defendant challenges the imposition of fines and fees, arguing that the trial court erroneously placed the burden on him to show an inability to pay, considered potential future earnings as opposed to present ability to pay, made an ability to pay finding that was unsupported by the evidence, and failed to hold an evidentiary hearing. Defendant maintains that, accordingly, the imposition of fines and fees violated his due process and equal protection rights under the California and federal Constitutions, invoking *People v. Dueñas* (2019) 30 Cal.App.5th 1157 (*Dueñas*).  We shall affirm.

## I.    BACKGROUND

The underlying facts are not relevant to this appeal.

---

[1] All further statutory references are to the Penal Code unless otherwise indicated.

The Santa Clara County District Attorney charged defendant with two counts of forcible lewd conduct on a child under the age of 14 (§ 288, subd. (b)(1)) in April 2018. On June 4, 2019, the prosecutor moved to amend the complaint to allege nonforcible lewd acts—that is, violations of section 288, subdivision (a) as opposed to section 288, subdivision (b)(1). The motion was granted, and defendant pleaded no contest to both counts, as amended, in exchange for a stipulated disposition of three years in state prison.

At an August 29, 2019 sentencing hearing, the trial court imposed a three-year state prison sentence—the low term of three years on count 1 and the low term of three years on count 2, to run concurrent with the sentence on count 1. Pursuant to a stipulation between the parties, the trial court ordered appellant to pay $695.25 in victim restitution. The court also imposed a $300 sex offender registration fine plus $930 in associated penalty assessments (§ 290.3); an $1800 restitution fine (§ 1202.4, subd. (b)) with an additional $1800 parole revocation fine, which was suspended pending successful completion of parole (§ 1202.45); an $80 court operations assessment fee (§ 1465.8); and a $60 court facilities assessment fee (Gov. Code, § 70373).

Defense counsel objected to the imposition of any fines or fees based on inability to pay, citing defendant's statement of assets, which indicated that his debts exceeded his assets. The court found defendant's statement of assets to be not credible and found defendant had the ability to pay the fines and fees. In reaching that conclusion, the court noted that defendant had posted a $200,000 bail bond. The court further relied on defendant's employment history and ability to earn money in prison and after his release.

Defendant timely appealed.

II.   DISCUSSION

Defendant contends the trial court's ability to pay finding is unsupported by the evidence. Relying on *Dueñas*, he maintains the trial court violated his due process and equal protection rights by imposing fines and fees he has no ability to pay. Defendant requests that his restitution fine be reduced to the minimum of $300 and stayed and that

the other fines and fees be stayed or stricken.  Alternatively, he argues the case should be remanded for an evidentiary hearing on his ability to pay.

### A.    Legal Principles

#### 1.    Governing Statutes

The various fines and fees to which defendant objects are subject to different statutory requirements.  Court facilities assessments and court operations assessments are statutorily required to be imposed on every criminal conviction (except for parking offenses) without reference to the defendant's ability to pay.  (Gov. Code, § 70373, subd. (a)(1) ["shall be imposed on every conviction"]; § 1465.8, subd. (a)(1) [same].)

By contrast, section 290.3 sex offender fines are statutorily subject to an ability to pay determination.  (§ 290.3, subd. (a) ["Every person who is convicted of any offense specified in subdivision (c) of [s]ection 290 shall . . . be punished by a fine of three hundred dollars ($300) upon the first conviction . . . , unless the court determines that the defendant does not have the ability to pay the fine"].)  Courts have long held that a defendant has the burden of proving his inability to pay the section 290.3 fine.  (*People v. McMahan* (1992) 3 Cal.App.4th 740, 749-750 (*McMahan*); *People v. Valenzuela* (2009) 172 Cal.App.4th 1246, 1250 (*Valenzuela*).)

Restitution fines are a hybrid of sorts.  Where a defendant has been convicted of a felony, the court is required to impose a restitution fine of between $300 and $10,000.  (§ 1202.4, subd. (b).)  The court must impose the minimum restitution fine of $300 without reference to the defendant's ability to pay.  (§ 1202.4, subds. (b)(1) and (c).)  However, "[i]nability to pay may be considered . . . in increasing the amount of the restitution fine in excess of the minimum fine" of $300.  (§ 1202.4, subd. (c).)  The statute specifies that the defendant "bear[s] the burden of demonstrating his or her inability to pay" and that "[a] separate hearing for the fine shall not be required."  (§ 1202.4, subd. (d).)

3

*2.* Dueñas

In *Dueñas*, Division 7 of the Second Appellate District held that due process requires the trial court (1) to conduct a hearing to ascertain a defendant's ability to pay before it imposes a court operations assessment or a court facilities assessment and (2) to stay execution of any restitution fine (§ 1202.4) unless and until it holds an ability-to-pay hearing and concludes that the defendant has the ability to pay the restitution fine.

The *Dueñas* court noted that " '[c]riminal justice debt and associated collection practices can damage credit, interfere with a defendant's commitments, such as child support obligations, restrict employment opportunities and otherwise impede reentry and rehabilitation.' " (*Dueñas, supra*, 30 Cal.App.5th at p. 1168.) In view of "[t]hese additional, potentially devastating consequences suffered only by indigent persons," *Dueñas* concluded that Government Code section 70373 and section 1465.8, subdivision (a)(1) effectively impose "additional punishment for a criminal conviction for those unable to pay." (*Dueñas, supra*, at p. 1168.) Based on that conclusion, the court reasoned that imposing these assessments without a determination that the defendant has the ability to pay them is "fundamentally unfair" and "violates due process under both the United States Constitution and the California Constitution. (U.S. Const. 14th Amend.; Cal. Const., art. I, § 7.)" (*Ibid*., fn. omitted.)

As to the restitution fine, the *Dueñas* court's conclusion that section 1202.4 "punishes indigent defendants in a way that it does not punish wealthy defendants" apparently is limited to cases in which probation is granted. (*Dueñas*, *supra*, 30 Cal.App.5th at p. 1170.) In that circumstance, payment of the restitution fine must be made a condition of probation. (§ 1202.4, subd. (m).) *Dueñas* noted that those probationers who "successfully fulfill[ ] the conditions of probation for the entire period of probation [generally have] an absolute statutory right to have the charges against [them] dismissed. ([§] 1203.4, subd. (a)(1).)" (*Dueñas*, *supra*, at p. 1170.) Indigent probationers, who cannot pay the restitution fine and thus cannot fulfill the conditions of

4

their probation, are denied that right solely by reason of their poverty, *Dueñas* reasons. (*Id*. at pp. 1170-1171.)

*Dueñas* did not address section 290.3 sex offender fines. Nor are we aware of any case extending *Dueñas* to section 290.3.

Some courts have disagreed with *Dueñas*'s due process analysis or have limited the case to its facts. (See *People v. Hicks* (2019) 40 Cal.App.5th 320, 329 [declining to follow *Dueñas*]; *People v. Kingston* (2019) 41 Cal.App.5th 272, 279 [following *Hicks*]; *People v. Aviles* (2019) 39 Cal.App.5th 1055, 1069 [declining to follow *Dueñas*]; (*People v. Caceres* (2019) 39 Cal.App.5th 917, 926-927 [declining to extend *Dueñas* beyond "[its] extreme facts"]; *People v. Allen* (2019) 41 Cal.App.5th 312, 326 [expressing agreement with "the reasoning of the numerous courts that have rejected *Dueñas*'s due process analysis"].) Panels of this court have reached conflicting conclusions as to whether *Dueñas* was correctly decided. (See, e.g., *People v. Santos* (2019) 38 Cal.App.5th 923, 927 (*Santos*) [following *Dueñas*]; *id*. at pp. 935-939 (dis. opn. of Elia, J.); *People v. Adams* (2020) 44 Cal.App.5th 828, 832 (*Adams*) [concluding that "*Dueñas* was wrongly decided"]; *id*. at pp. 832-833 (dis. opn. of Premo, J.); *People v. Petri* (2020) 45 Cal.App.5th 82, 90 (*Petri*) [finding that *Dueñas* was not "persuasive"]; *id*. at p. 95 (dis. opn. of Premo, J.).) The issue of whether a court must consider a defendant's ability to pay before imposing or executing fines, fees, and assessments is pending before the California Supreme Court in *People v. Kopp* (2019) 38 Cal.App.5th 47, review granted November 13, 2019, S257844 (*Kopp*).

### 3.    Standards of Review

We review questions of law, including the interpretation of constitutional provisions, de novo. (*People v. Prunty* (2015) 62 Cal.4th 59, 71.)

We generally review the factual determination of ability to pay for substantial evidence. (*People v. Nilsen* (1988) 199 Cal.App.3d 344, 347.) However, where the trial court finds the defendant failed to carry his or her burden of proving an inability to pay

5

"and that party appeals, it is somewhat misleading to characterize the failure-of-proof issue as whether substantial evidence supports the judgment. . . . [Instead,] the question for a reviewing court becomes whether the evidence compels a finding in favor of the appellant as a matter of law. [Citations.] Specifically, the question becomes whether the appellant's evidence was (1) 'uncontradicted and unimpeached' and (2) 'of such a character and weight as to leave no room for a judicial determination that it was insufficient to support a finding.' [Citation.]" (*Shaw v. County of Santa Cruz* (2008) 170 Cal.App.4th 229, 279 (*Shaw*).)

**B.** *Adhering to our Prior Holdings that* **Dueñas** *was Wrongly Decided, we Reject Defendant's Challenges to the Court Facilities Assessment and Court Operations Assessment and Decline to Stay the Restitution Fine*

We remain convinced that *Dueñas* was wrongly decided for the reasons articulated in *Petri*, *supra*, 45 Cal.App.5th at p. 90; *Santos*, *supra*, 38 Cal.App.5th at pp. 935-939 (dis. opn. of Elia, J.); and *Adams*, *supra*, 44 Cal.App.5th at p. 832. Accordingly, we reject defendant's challenges to the court facilities assessment and court operations assessment and decline to stay the restitution fine.

The Attorney General argues that *Dueñas* was wrongly decided as to restitution fines, and that the issue should be analyzed under the excessive fines clause of the Eighth Amendment to the federal Constitution. We decline to do so because defendant does not raise an Eighth Amendment challenge.

**C.** *The Trial Court Did Not Err in Concluding that Defendant Failed to Show an Inability to Pay the Restitution Fine and the Section 290.3 Fine and Related Penalty Assessments*

As noted, regardless of *Dueñas*, the sex offender fine and above-minimum restitution fine were subject to a statutory ability to pay determination. Defendant contends the trial court erred by placing the burden of proof on him to prove inability to pay, considering potential future earnings as opposed to his present ability to pay, making

6

an ability to pay finding that was unsupported by the evidence, and failing to hold an evidentiary hearing.  We address each contention in turn.

Case law and statute, respectively, establish that a defendant bears the burden of proving his inability to pay the section 290.3 fine and the section 1202.4 restitution fine. (*McMahan*, *supra*, 3 Cal.App.4th at pp. 749-750; *Valenzuela*, *supra*, 172 Cal.App.4th at p. 1250; § 1202.4, subd. (d).)  Nevertheless, defendant contends that the prosecution bore the burden to prove his ability to pay these fines, citing *Dueñas*.  Even courts that have followed *Dueñas* have rejected its implication that the prosecutor bears the burden to prove ability to pay.  (See *Santos*, *supra*, 38 Cal.App.5th at p. 934; *People v. Castellano* (2019) 33 Cal.App.5th 485, 490 (*Castellano*) [same division that decided *Dueñas* ruled that "a defendant must in the first instance contest in the trial court his or her ability to pay the fines, fees and assessments to be imposed and at a hearing present evidence of his or her inability to pay the amounts contemplated by the trial court"].)  In any event, we have declined to follow *Dueñas*.  Accordingly, we conclude the trial court did not err by placing the burden of proof on defendant.

Next, defendant maintains the relevant inquiry is his *present* ability to pay, without reference to potential future earnings, relying on *Dueñas*.  While *Dueñas* held that the trial court must evaluate a defendant's "*present* ability to pay" (*Dueñas, supra*, 30 Cal.App.5th at p. 1164, italics added), courts have largely disagreed, saying that it is appropriate to consider "realistic ability to earn prison wages or obtain employment." (*Santos*, *supra*, 38 Cal.App.5th at p. 934; see *Kopp*, *supra* 38 Cal.App.5th at p. 96, review granted [same]; *Castellano*, *supra*, 33 Cal.App.5th at p. 490 ["potential prison pay during the period of incarceration" may be considered in determining ability to pay].) Section 1202.4, subdivision (d) explicitly provides that "[c]onsideration of a defendant's inability to pay [the restitution fine] may include his or her future earning capacity."  We conclude the trial court did not err in considering defendant's ability to earn prison wages and obtain post-incarceration employment.

Defendant also argues the court's finding of ability to pay was unsupported by substantial evidence. Because defendant bore the burden to prove his inability to pay and the court effectively concluded he did not carry that burden, "it is somewhat misleading to characterize the failure-of-proof issue as whether substantial evidence supports the judgment." (*Shaw*, *supra*, 170 Cal.App.4th at p. 279.) Instead, we ask whether the evidence, as a matter of law, compelled a finding of inability to pay because defendant's "evidence was (1) 'uncontradicted and unimpeached' and (2) 'of such a character and weight as to leave no room for a judicial determination that it was insufficient to support a finding.' [Citation.]" (*Ibid.*)

Defendant's showing in the trial court did not compel a finding of inability to pay the restitution fine and the section 290.3 fine and associated penalty assessments (a total of $3,030). Defendant submitted a statement of assets stating that he had no income, cash, bank accounts, or real estate holdings; that his debt exceeded his assets by approximately $30,000; and that he owed $5,000 per month in alimony and child support. The record further showed that defendant, who was 56 years old at the time of sentencing, holds an MBA and provided the probation officer with a "steady employment history," describing himself as "having a successful career up until this point." Defendant was employed for nearly two decades as an IT director at Seagate Technology, where his annual salary was $175,000. While defendant reported certain health problems, he also reported that he was employed as an IT program manager earning $86 an hour until shortly before sentencing.

As the exclusive judge of the credibility of the evidence, the trial court was free to reject (as it did) the statement of assets as unworthy of credence in view of the evidence of defendant's nearly three-decade career in information technology during which he earned a six-figure annual salary. Moreover, the record amply supports the inference that defendant is physically capable of working both in prison and upon his release, as well as that defendant possesses marketable skills. For the foregoing reasons, the trial court did

not err in declining to find that defendant lacked the ability to pay the restitution fine and the section 290.3 fine and associated penalty assessments.

Finally, defendant suggests that the trial court erred by failing to hold an evidentiary *hearing*. We perceive no error. Defendant did not request an evidentiary hearing or the opportunity to submit evidence. Section 290.3 does not specify that a hearing must be held. And section 1202.4, subdivision (d) explicitly states that "[a] separate hearing for the fine shall not be required." Moreover, even if the court erred in failing to hold a hearing, we would find that error to be harmless because defendant has not demonstrated what, if any, evidence he would have presented at such a hearing.

### III. DISPOSITION

The judgment is affirmed.

_____

ELIA, ACTING P.J.

WE CONCUR:


_____

BAMATTRE-MANOUKIAN, J.



_____

DANNER, J.



*People v. McNeely*
H047403